LONGYEAR, LAVRA & CAHILL, LLP
Van Longyear, CSB No. 84189
Nicole Cahill, CSB No.: 287165
Denny Yu, CSB No.: 345213
555 University Avenue, Suite 280
Sacramento, CA 95825
Phone: (916) 974-8500
Facsimile: (916) 974-8510
Email: longyear@longyearlaw.com
        cahill@longyearlaw.com
        yu@longyearlaw.com

Attorneys for Defendants,
Officer Hannah Romias,
City of Clovis (erroneously sued as
Clovis Police Department)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.V.S, by and through her GAL, Joey Vargas, | Case No.: |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C § 1441(a)** |
| v. | |
| Officer Hannah Romias, City of Clovis, Clovis Police Department, and Does 1-10, | |
| Defendants. | |

**TO THE CLERK IN THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendants, Officer Hannah Romias and the City of Clovis (erroneously sued as Clovis Police Department) hereby removes the above-captioned action from the Superior Court of the State of California, County of Fresno, to the United States District Court for the Eastern District of California. Removal is based upon, *inter alia,* on the following grounds:

1.      On or about February 8, 2024, the above-captioned Plaintiff, T.V.S., commenced an action in the Fresno County Superior Court of the State of California entitled *T.V.S., a minor, by and through her GAL, Joey Vargas v. Hannah Romias*, Fresno County Superior Court Case

No. 24CECG00521 against Officer Hannah Romias. Joey Vargas proceeded in propria persona and as T.V.S.'s guardian ad litem.

2.      On March 18, 2024, Plaintiff filed a First Amended Complaint.

3.      Neither the original complaint nor the First Amended Complaint asserted a federal or constitutional basis for liability.

4.      On June 5, 2024, Miguel A. Avila was formally substituted in as Plaintiff's counsel.

5.      On July 22, 2022, Plaintiff filed and served the Second Amended complaint. To date, no answer or responsive pleading to the Complaint has been filed by Defendants in this action.  The Second Amended Complaint invoked 42 U.S.C. § 1983 and alleged violations of Plaintiff's Fourth and Fourteenth Amendment rights.

6.      Pursuant to 28 U.S. Code § 1446(a), a copy of all process, pleadings, and orders served upon Defendants are attached as **Exhibit A**.

7.      This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a) as Plaintiff asserts claims for relief in the Second Amended Complaint pursuant to United States Constitution and 42 U.S.C. § 1983. This Court also has supplemental jurisdiction over Plaintiff's pendent state law claims of action pursuant to 28 U.S.C. § 1367.

8.      Plaintiff had not, until the filing of the Second Amended Complaint, asserted any claim for relief under any federal statute or constitutional provision.

9.      Based on the foregoing, this Court has jurisdiction over this action. Accordingly, this action is properly removed.

Dated: August 21, 2024                    LONGYEAR, LAVRA & CAHILL, LLP


By: /s/ Nicole Cahill
      VAN LONGYEAR
      NICOLE CAHILL
      DENNY YU
      Attorneys for Defendant,
      Hannah Romias

EXHIBIT A

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: *Thalia Vargas Sage*
*by And Through Gal Joey Vargas*
FIRM NAME:
STREET ADDRESS: *1300 Minnewawa Ave*
CITY: *Clovis CA 93612*   STATE: *CA*   ZIP CODE: *93612*
TELEPHONE NO.: *(559) 614-0695*   FAX NO.:
EMAIL ADDRESS:
ATTORNEY FOR (name):

**FILED**

FEB 08 2024

SUPERIOR COURT OF CALIFORNIA
COUNTY OF FRESNO
BY_____
                    DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Superior Court of California County of Fresno
STREET ADDRESS: *1103 O street* · Civil Division
MAILING ADDRESS: *Fresno ca. 93724* 1130 O Street
CITY AND ZIP CODE: Fresno CA 93724
BRANCH NAME: *Civil*

PLAINTIFF: *Thalia Vargas Sage by And Through Gal JoeyVargas*
DEFENDANT: *Hannah Romias*

☐ DOES 1 TO _____

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

☐ **AMENDED (Number):**

**Type (check all that apply):**
☐ **MOTOR VEHICLE**   ☒ **OTHER (specify):** *Assualt to minor*
                                                *with Disabilities.*
☐ Property Damage   ☐ Wrongful Death
☐ Personal Injury   ☒ **Other Damages (specify):** *Aggresive Force*
                                                    *Defamation*

**Jurisdiction (check all that apply):**
☐ **ACTION IS A LIMITED CIVIL CASE (does not exceed $35,000)**
   Amount demanded   ☐ does not exceed $10,000
                     ☐ exceeds $10,000
☒ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $35,000)**
☐ **ACTION IS RECLASSIFIED** by this amended complaint
   ☐ from limited to unlimited
   ☐ from unlimited to limited

| CASE NUMBER: |
|---|
| 24 CE CG 00 521 |

1. **Plaintiff** (name or names): *Thalia Vargas Sage by and through Gal Joey Vargas*

   alleges causes of action against **defendant** (name or names): *Hannah Romias*

2. This pleading, including attachments and exhibits, consists of the following number of pages: 7
3. Each plaintiff named above is a competent adult
   a. ☒ except plaintiff (name): *Thalia Vargas Sage by and through Gal Joey Vargas*
      (1) ☐ a corporation qualified to do business in California.
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☒ a minor   ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) ☐ other (specify):
      (5) ☐ other (specify):
   b. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California.
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor   ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) ☐ other (specify):
      (5) ☐ other (specify):

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2024]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

PLD-PI-001

| SHORT TITLE: Thalia VargesSage by and through bal JolyVingue Vs Hannah Romias | CASE NUMBER: 2 4 CE CG 0 0 5 2 1 |
| --- | --- |

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

   a. ☐ **except** defendant (name): Hannah Romias
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☒ other (specify): Hannah Romias Community Service Worker (police officer)

   c. ☐ **except** defendant (name):
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   b. ☐ **except** defendant (name):
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   d. ☐ **except** defendant (name):
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☐ Doe defendants (specify Doe numbers):                               were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.
   b. ☐ Doe defendants (specify Doe numbers):                               are persons whose capacities are unknown to
      plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☒ other (specify):  Fresno  County

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☒ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because (specify):

---

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

**PLD-PI-001**

| SHORT TITLE: | *Thalia Vargas Sage by and through Gal Joey Vargas* | CASE NUMBER |
| --- | --- | --- |
| | *Hannah Romias* | 2 4 CE CG 0 0 5 2 1 |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

a. ☐ Motor Vehicle
b. ☐ General Negligence
c. ☒ Intentional Tort
d. ☐ Products Liability
e. ☐ Premises Liability
f. ☐ Other *(specify):*

11. Plaintiff has suffered *(check all that apply)*
a. ☐ wage loss.
b. ☐ loss of use of property.
c. ☐ hospital and medical expenses.
d. ☐ general damage.
e. ☐ property damage.
f. ☐ loss of earning capacity.
g. ☒ other damage *(specify):* Emotional Stress, Trauma (Facial) nightmares. PTSD. Other than. Defamation, Harassment. pain & suffering

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
a. ☐ listed in Attachment 12.
b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court. JV Disciplinary actions within police Dept. monetary, and the Exemption of the probation number given.

14 **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
a. (1) ☒ compensatory damages.
   (2) ☒ punitive damages.
b. The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
   (1) ☐ according to proof.
   (2) ☒ in the amount of: $ 100,000

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 02/08/2024

_____
Joey Vargas
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ] [ Save this form ]   [ Clear this form ]

PLD-PI-001

| SHORT TITLE: *Thalia Vagas Sage vs Officer Hannah Romias* | CASE NUMBER: 24 CE CG 00521 |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

a. ☐ Motor Vehicle

b. ☒ General Negligence

c. ☐ Intentional Tort

d. ☐ Products Liability

e. ☐ Premises Liability

f. ☒ Other *(specify):* *Corporal Punishment on a Disabled minor who is protected by the Disabilities Act. Emotional Distress caused by Hannah Romias's actions That was intentional and Injury to Face Nightmares. and PTSD. Slander Seizures progression. Excessive Force used by a police officer.*

11. Plaintiff has suffered *(check all that apply)*

a. ☐ wage loss.

b. ☐ loss of use of property.

c. ☐ hospital and medical expenses.

d. ☐ general damage.

e. ☐ property damage.

f. ☐ loss of earning capacity.

g. ☒ other damage *(specify):* *Facial trauma. Emotional trauma stress. * see pages 1-7 Intentional Distress to a said minor. Nightmares. Chronic Pain in face. Defamation Excesive Force & Abuse of power.*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

a. ☐ listed in Attachment 12.

b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court. *Civil State* $100,000

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

a. (1) ☒ compensatory damages.

   (2) ☐ punitive damages.

b. The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:

   (1) ☒ according to proof.

   (2) ☐ in the amount of: $ *100.000*

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):* *10, 11, 14*

Date: *Feb. 8. 2024*

*Joey Vagas*
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[Print this form] [Save this form] [Clear this form]

On September 4,2023  My daughters and I returned from skating around 9:27
When  my daughter became disregulated by being over stimulated from our
trip to the skating rink. She suffers from PTSD,ADD and ADHD and MDD ,She
started to walk fast after a cat . Being that it was dark and there being
coyotes in our apt complex I felt I needed help,I had been previously
told by Clovis Pd if I ever needed help to call, And since my other
daughter suffers from PTSD,ADHD and ADD also. And it was dark. I then
called non emergency for help and officer Romias arrived at 9:34 . When
she arrived we walk toward Thalia she was in eye sight of me and officer
Romias and my other daughter when officer  Romias sees my daughter in
front of us and runs off to get her . Officer Romias then gets my
daughter at which time my daughter is sitting on the floor and all of a
sudden alls you hear is a loud slap to my daughters face my daughter is
sitting there crying while officer Romias is holding very tightly to my
daughters wrist while she was sitting down .only one officer responded to
call that was officer Romias no other officer came until 15 to Twenty
minutes after the initial  assualt was caused by officer Romias. And
corporal Alcorn did not arrive for25 to 30 min after initial incident
.This whole time I Joey Vargas was video taping on my phone . (Video can
be seen if requested) officer Romias stated Thalia tried to bite her and
that Thalia told her to get the F… off of her due to her being held too
tight and Thalia suffering from PTSD. When I later asked officer Romias
if there were bite marks she said no , because she didn't get to bite
her. (You can see in my video officer Romias left hand moving
appropriately with any issues or damage to her hand . Officer Romias was
aware of Thalia's mental condition . But it seemed she did not care and
Thalia was just an out of control juvenile with no mental disabilities. I
requested an ambulance to come I wanted to have Thalia checked out for
facial trauma .she was seen at Clovis community doctors summary is
included in this claim. During the time waiting for the police report
officer Romias filed a charge against my daughter for battery on a police
officer in which no evidence was found to be true and no charges were
filed against my daughter. But my daughter has a number on her name in
probation now. And can not be taken off until my daughter is eighteen
even though she is not on probation or no charges were filed against her
.my disabled daughter was the victim of a assualt from a police officer
.The police officer stated she was the victim. As per the disabilities
act no person with physical or mental disabilities can be physically
harmed Disabilities Act Laws attached. Also I have worked at Juvenile
Hall and Group homes and we as community service workers are taught other
methods of restraining people and children other than physical harm . My
disabled daughter was already sitting on the floor when she suffered from
the assualt . My daughter suffers from seizures .( hospital records
attached)I would also like my daughter to be compensated for slander. .

Thank You ,
Joey Vargas

My daughter suffered from emotional distress, Nightmares, Fatigue, PTSD, Migraines, bleeding noses, swollen side of face and continues pain to the septum and face . Also she will have a number with the probation office even though no charges were filed against her because there was no evidence of a bite on officer Romias as she stated in her report. It is to my knowledge that officer Romias abused her power as a Clovis Police Officer and willfully went against the disabilities act of California concerning disabled people (my child) and she used excessive force on my disabled daughter Thalia Vargas Sage on the night of September 4,2023. I was denied the right as a parent to file charges against officer Romias because I am only a parent . But Officer Romias filed charges against my disabled daughter for not committing any crime against her because as per probation there was no evidence of a crime committed against her. Because she was an officer and stated Romias was a victim that's why she was allowed to. Now my daughter has this number that cannot be taken off till she is 18 years of age. I am also requesting compensation for excessive force to a disabled child and defamation of character an a disabled person along with all of the above request.

My Daughter Thalia Vargas Sage suffers from PTSD, ADD ,ADHD and a in specified mood disorder. She has been legally disabled since 2017.

| EMS # : 202309040693 DOS : 9/04/2023 | **American Ambulance** | Patient # : **1** of **1** Unit : **188** | Page 1 |

Non Stat Trauma

## Patient

**Name :**
**Address :**
Clovis, CA, 93612

**Phone :** 559-709-7587
**Disposition :** Transported

**Age :** 11 Years    **DOB :**    2012
**Gender :** Female    **Weight :** 85.0 lbs / 38.6 kg
**Effects :** None

## Scene

**Address :** Lexington Square Apts
Patient Residence
1300 Minnewawa Ave
Clovis, CA 93612

## Destination

**Address :** Clovis Community Medical Center
Hospital / Emergency Department
2755 Herndon Avenue
Clovis, CA 93611

**Destination Reason :** Patient's / Family's Choice
**Recv/Priv MD :** Cunningham, Mark (Ccmc) G75261

## Patient Condition

**Protocol :** None
**Complaint :** Severe Pain Management (R52)
**Impressions :** Traumatic Injury
**Symptoms :** Pain, Face
**PMH :** Behavior - ADHD, Behavior - PTSD, Enlarged heart
Depression
**Medications :** Lexapro, Risperidone, Trazodone
**Allergies :** None
**LOC :** No
**Posible Injury :** Yes

## Narrative

ATF a 11yo female w/ a C/C of facial pain s/p assault. Pts mother called 911 stating that pt ran away from home after a physical altercation. Pt became combative w/ CPD officers. Pt stated that she attempted to bite female officer. Pt stated that female officer struck pt once to the left cheek w/ open hand. Mother stated that she did not witness the physical altercation but "she could hear the slap."
When EMS arrived on scene pt was sitting against a wall in the parking lot. Pt had a GCS of 15 and behaves appropriately for her age. Pt was in a state of emotional distress. She c/o 8/10 pain to left cheek. No obvious trauma noted. Pt denied any LOC, midline neck or back pain, neuro deficits, CP, SOB, abd pain, or NVD. All vitals were WNL. Pt had a short episode of epistaxis in left nostril. Pt stated that she has been having intermittent nose bleeds from both nostrils x1 month. Pt was transferred to CCMC for further evaluation.

## Injury

**MOI :** Blunt
**Cause of Injury :** Injury from Blunt Object (assault)

## Vital Signs

### CNS

| | *** | Glasgow | *** | | Blood | ******* | Pupil Reactions | ******* | |
|---|---|---|---|---|---|---|---|---|---|
| Time | V | M E | | GCS | Sugar | Left | Right | | Pain |
| 21:55 | 5 | 6 | 4 = | 15 | | | | | 8 |
| 22:11 | 5 | 6 | 4 = | 15 | | | | | 8 |
| 22:20 | 5 | 6 | 4 = | 15 | | | | | 8 |

### Respiratory

| Time | Rate | SPO2 | ETCO2 | ******* | Lung Sounds | ******* | Respiratory Effort |
|---|---|---|---|---|---|---|---|

EMS # : 202309040693
DOS : 9/04/2023

# American Ambulance

Patient # : 1  of 1
Unit : 188

Page 2

Non Stat Trauma

| Time | | | | | | | | |
|------|---|---|---|---|---|---|---|---|
| 21:55 | 16 | 99 (Room Air) | | Normal | | | Normal | |
| 22:11 | 18 | | | | | | Normal | |
| 22:20 | 18 | | | | | | Normal | |

### Cardiovascular

| | ** Pulse ** | | | | | | | ******** Skin ******** | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Time | Rate | Quality | B/P | CapRefil | ECG | Rhythm | Ectopics | Color | Moist | Temp |
| 21:55 | 116 | Regular | 120/62 | | | | | Normal | | |
| 22:11 | 112 | Regular | 109/62 | | | | | | | |
| 22:20 | 112 | Regular | 110/59 | | | | | | | |

## Exam

**Assessed By :** Portillo, Brina
**Time Taken :** 22:02
**Head :** Normal
**Mental :** Normal Baseline for Patient
**Neuro :** Normal Baseline for Patient
**Face :** Pain
**Neck :** Normal
**Chest :** Normal
**Heart :** Normal
**Pelvis :** Normal
**Abdomen :** All Normal
**Skin :** Normal
**Back & Spine :** All Normal
**Extremity :** All Normal

## Treatments

*No Treatment Information Available*

## Monitoring

Vital Sign Monitoring

## Response

| | |
|---|---|
| **Agency :** (AA) American Ambulance | **Response Priority :** 2 - Immediate Response, Emergency Condition |
| **Department :** Fresno County | **Transport Priority :** P3 - No Lights or Siren |
| **Unit :** 188 | **Call Received :** 21:46 |
| **Vehicle :** 188 | **Unit Alert :** 21:46 |
| **# of Patients :** 1 | **Enroute :** 21:46 |
| **Miles to Scene :** | **On Scene :** 21:50    Language Barrier |
| **Miles to Dest :** 4.5 | **Patient Contact :** 21:50 |
| **Crew Exposure :** No | **Depart Scene :** 22:08 |
| **Paramedic :** Portillo, Brina | **Arrived at Dest :** 22:22 |
| **EMT-Basic :** Bustos, Luis Angel | **Call Completed :** 23:14 |

## Other Agencies

**Agency :** Clovis Police Department (CPD)          **Outcome :**

## Crew Signatures

Paramedic: Portillo, Brina
& Documenter   P37875

EMT-Basic: Bustos, Luis Angel
B18-10878

| EMS # : 202309040693<br>DOS : 9/04/2023 | **American Ambulance** | Patient # : **1**  of  **1**<br>Unit : **188** | Page 3 |

Non Stat Trauma

## Signatures

**Accept Transport and/or Treatment** 22:05

I am signing on behalf of the patient to authorize the submission of a claim to Medicare, Medicaid, or any other payer for any services provided to the patient by the ambulance services provider now or in the past, (or in the future, where permitted).  By signing below, I acknowledge that I am one of the authorized signers listed below.  My signature is not an acceptance of financial responsibility for the services rendered.  Authorized representatives include only the following individuals:  -Patient's legal guardian  -Relative or other person who receives social security or other governmental benefits on behalf of the patient  -Relative or other person who arranges for the patient's treatment or exercises other responsibility for the patient's affairs  -Representative of an agency or institution that did not furnish the services for which payment is claimed (i.e., ambulance services) but furnished other care, services, or assistance to the patient.

**Vargas, Joey**
Representative  - Legal Guardian

**Patient Transfer** 22:42

This Patient is Received by care provider, family, LVN/RN/MD. This signature also includes acceptance of any patient belongings.

**Y, Mina**
Physician / Transfer Receiver

## PCR Appends

| SCharlston<br>01/17/2024 08:42:43 | Append Note- 1/17/2024 Patient mother states that this was a verbal altercation between the patients sister and a PTSD trigger caused the patient to run away from car. Mother states that there was no physical altercation as stated in the PCR. Per paramedic assessment, no "obvious trauma noted". |

*********************** End Of PCR ****     20231025     ***********   Res 1483716 Pt 1327502 T 2954038 Rva 6085712 Td 1040469

| EMS # : **202309040693** | **American Ambulance** | Ticket # : **2954038** |
|---|---|---|
| DOS : **9/04/2023** | **2911 E Tulare Ave, Fresno, CA 93721** | Patient # : **1 of 1** |

| Call # : **202309040693** | Patient # : **1327502** | ICD-10 : **R52** | NPI : **1598767501** |
|---|---|---|---|

## Patient

| Patient : | Gender : Female | SSN : |
|---|---|---|
| Address : | DOB : /2012 | Phone : 559-709-7587 |
| Clovis, CA 93612 | Age : 11 Years | |
| Guarantor : Vargas, Joey | Relation : Parent | SSN : |
| Address : | | Phone : |
| Clovis, CA 93612 | | |

## Insurance

| Provider : Calviva/HealthNet Mcal | Policy # : 98943592F |
|---|---|
| Address : 2552 W ERIE DR STE 101 Tempe, Arizona 85282 | Group : |

## Call

| Service From : Patient Residence - Lexington Square Apts | Call Recvd : 09:46 PM | Rec Phys : |
|---|---|---|
| 1300 Minnewawa Ave | Enroute : 09:46 PM | EMS Unit : 188 |
| Clovis, CA 93612 | On Scene : 09:50 PM | Physical Unit : 188 |
| | Pt Contact : 09:50 PM | Miles To Scn : |
| Service To : Hospital - Clovis Community Medical Center | Depart Scene : 10:08 PM | Miles To Dest : 4.5 |
| 2755 Herndon Avenue | Arrival : 10:22 PM | Odo At Scn : 78,233.5 |
| Clovis, CA 93611 | Complete : 11:14 PM | Odo At Dest : 78,238.0 |
| Resp Pri : 2 - Immediate Response, Emergency Condition | | |
| Trans Pri : P3 - No Lights or Siren | | |
| Outcome : Transported | | |

## Crew

| Paramedic : Portillo, Brina | EMT-Basic : Bustos, Luis Angel |
|---|---|

## Service

| *No ALS Treatment* | O2 : No | Hosp Acct # : 02205321 |
|---|---|---|
| *Information Available* | Night : Yes | PCS / ABN : No /No |
| | Card. Monitor : No | Bed Ridden : No |
| | Multi Patient : No | Round Trip : |

## Narrative

ATF a 11yo female w/ a C/C of facial pain s/p assault. Pts mother called 911 stating that pt ran away from home after a physical altercation. Pt became combative w/ CPD officers. Pt stated that she attempted to bite female officer. Pt stated that female officer struck pt once to the left cheek w/ open hand. Mother stated that she did not witness the physical altercation but "she could hear the slap."
When EMS arrived on scene pt was sitting against a wall in the parking lot. Pt had a GCS of 15 and behaves appropriately for her age. Pt was in a state of emotional distress. She c/o 8/10 pain to left cheek. No obvious trauma noted. Pt denied any LOC, midline neck or back pain, neuro deficits, CP, SOB, abd pain, or NVD. All vitals were WNL. Pt had a short episode of epistaxis in left nostril. Pt stated that she has been having intermittent nose bleeds from both nostrils x1 month. Pt was transferred to CCMC for further evaluation.

## Signature

| Accept Transport and/or Treatment | 10:05 PM |
|---|---|

Signator:   Legal Guardian - Vargas Joey

---

Res 1483716  Pt 1327502  T 2954038  Rva 6085712  Td 1040469

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: Joeyvargas,Individually and as Guardian ad Litem
FIRM NAME: for Thalia Vargas-Sage,a minor
STREET ADDRESS: 1300 Minnewawa Ave #239
CITY: Clovis Ca 93612    STATE:    ZIP CODE:
TELEPHONE NO.: (559)614-0695    FAX NO.:
EMAIL ADDRESS:
ATTORNEY FOR (name):

**F I L E D**

MAR 18 2024

SUPERIOR COURT OF CALIFORNIA
COUNTY OF FRESNO
BY_____
                    DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno
STREET ADDRESS: 1130 O street
MAILING ADDRESS: Fresno,California 93721
CITY AND ZIP CODE:
BRANCH NAME: Civil

PLAINTIFF: Joeyvargas,Individually and as Guardian ad Litem for Thalia Vargas-Sage
DEFENDANT: Officer Hannah Romias
[X] DOES 1 TO 50

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[1] **AMENDED** *(Number):* 1

CASE NUMBER:

24CECG00521

**Type** *(check all that apply):*
[ ] **MOTOR VEHICLE**    [X] **OTHER** *(specify):* Negligence,Civil Rights
[ ] **Property Damage**    [ ] **Wrongful Death**
[X] **Personal Injury**    [X] **Other Damages** *(specify):* Infliction of Emotional Stress

**Jurisdiction** *(check all that apply):*
[ ] **ACTION IS A LIMITED CIVIL CASE  (does not exceed $35,000)**
    Amount demanded    [ ] does not exceed $10,000
                       [ ] exceeds $10,000
[X] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $35,000)**
[ ] **ACTION IS RECLASSIFIED by this amended complaint**
    [ ] from limited to unlimited
    [ ] from unlimited to limited

1. Plaintiff *(name or names):* Joey Vargas,Individually and as Guardian ad Litem for Thalia Vargas Sage
   alleges causes of action against **defendant** *(name or names):* Officer Hannah Romias
   Does 1 to 50, inclusive

2. This pleading, including attachments and exhibits, consists of the following number of pages:  6

3. Each plaintiff named above is a competent adult
   a. [X] **except** plaintiff *(name):*  Thalia Vargas-Sage
      (1) [ ] a corporation qualified to do business in California.
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [X] a minor    [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
          (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   b. [ ] **except** plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California.
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor    [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
          (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2024]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

PLD-PI-001

| SHORT TITLE: Vargas v.Officer Hannah Romias | CASE NUMBER:<br>24CECG00521 |
|---|---|

4. ☐ Plaintiff (name):
     is doing business under the fictitious name (specify):

     and has complied with the fictitious business name laws.
5. Each defendant named above is a natural person
   a. ☒ except defendant (name): DOES 1 to 50 ,inclusive.    ☐ except defendant (name):
      (1) ☐ a business organization, form unknown.        (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.                                (2) ☐ a corporation.
      (3) ☐ an unincorporated entity (describe):          (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):                   (4) ☐ a public entity (describe):

      (5) ☒ other (specify): The capacities of the DOES   (5) ☐ other (specify):
              Unknown at this time

   b. ☒ except defendant (name): Officer Hannah Romias  d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown.        (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.                                (2) ☐ a corporation.
      (3) ☐ an unincorporated entity (describe):          (3) ☐ an unincorporated entity (describe):

      (4) ☒ a public entity (describe):A sworn Police officer (4) ☐ a public entity (describe):

      (5) ☐ other (specify):                              (5) ☐ other (specify):

   ☒ Information about additional defendants who are not natural persons is contained in Attachment 5.
6. The true names of defendants sued as Does are unknown to plaintiff.  And are joined pursuant to CCP§474
   a. ☐ Doe defendants (specify Doe numbers):                              were the agents or employees of other
         named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): DOES 1 to 50, inclusive  are persons whose capacities are unknown to
         plaintiff.
7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

---

PLD-PI-001 [Rev. January 1, 2024]        **COMPLAINT—Personal Injury, Property**        Page 2 of 3
                                         **Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: Vargas v.Officer Hannah Romias | CASE NUMBER: 24CECG00521 |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

a. ☐ Motor Vehicle
b. ☒ General Negligence
c. ☒ Intentional Tort
d. ☐ Products Liability
e. ☐ Premises Liability
f. ☒ Other *(specify):* Infliction of emotional stress ,Physical Harm done with intent, violation of The Americans with Disabilities Act, Failed to provide Safety to a minor with Mental Disabilities who was not a threat to the community.

11. Plaintiff has suffered *(check all that apply)*

a. ☒ wage loss.
b. ☐ loss of use of property.
c. ☒ hospital and medical expenses.
d. ☒ general damage.
e. ☐ property damage.
f. ☐ loss of earning capacity.
g. ☒ other damage *(specify):* Emotional Pain and Suffering , Economic and non-Economic damages not known Or ascertained to date.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
a. ☐ listed in Attachment 12.
b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
a. (1) ☒ compensatory damages.
   (2) ☒ punitive damages.
b. The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
   (1) ☒ according to proof.
   (2) ☒ in the amount of: $     500000
        Other: interest at the legal rate pursuant to Civil Code §3291
15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: March 12,2024

Joey Vargas
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2024]          **COMPLAINT—Personal Injury, Property**          Page 3 of 3
                                            **Damage, Wrongful Death**

**For your protection and privacy, please press the Clear
This Form button after you have printed the form.**    [Print this form]   [Save this form]      [Clear this form] 

**PLD-PI-001(2)**

| SHORT TITLE: Vargas v.Officer Hannah Romias | CASE NUMBER: |
|---|---|
| | 24CECG00521 |

| 1 | **CAUSE OF ACTION—General Negligence** | Page 4 |
|---|---|---|

(number)

ATTACHMENT TO  [X] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:   Joey Vargas individually

alleges that defendant *(name)*:   Officer Hannah Romias

[X] Does    1    to   50

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*:   September 4, 2023

at *(place)*:   Lexington Square Apts Clovis Ca 93612

*(description of reasons for liability):*

Comes now the Plantiff ,Joey Vargas,individually,for first Cause of Action against The Defendants,and each of them,and alleges as follows:

1.   Plaintiff,Joey Vargas,individually,hereby repeats and realleges as if fully set forth herein,each and every allegation contained in the First Cause of Action

2   That at all times mentioned herein Plantiff ,Joey Vargas is the Mother of Thalia Vargas-Sage,who resided in the same household with each other.

3   That at the time of said incident,Plaintiff, Joey Vargas, was present at the scene of the incident and personally perceived and observed the extreme pain,suffering,agony,and injuries suffered by Plaintiff Thalia Vargas-Sage,a disabled minor.

4   That such observations proximity caused Plaintiff,Joey Vargas individually to suffer emotional distress and shock and injury to her face,and nervous system,all of which has caused and continues to cause her great mental pain and suffering in a amount to be shown according to proof.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

MC-031

| PLAINTIFF/PETITIONER: Thalia JArgus Sage | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Hannah Romias | 24CECG00521 |

## DECLARATION

*(This form must be attached to another form or court paper before it can be filed in court.)*

1. ADmended Complaint personal Injury, Property, Damage wrongful Death.

2. causes of action - General Negligence

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: MArch 18. 2024

Joey VArgus
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

☐ Attorney for ☐ Plaintiff ☐ Petitioner ☐ Defendant
☐ Respondent ☐ Other *(Specify):*

Form Approved for Optional Use
Judicial Council of California
MC-031 [Rev. July 1, 2005]

**ATTACHED DECLARATION**

E-FILED
3/28/2024 2:17 PM
Superior Court of California
County of Fresno
By: Estela Gonzalez, Deputy

1   LONGYEAR & LAVRA, LLP
    Van Longyear, CSB No. 84189
2   Nicole Cahill, CSB No.: 287165
    Denny Yu, CSB No.: 345213
3   555 University Avenue, Suite 280
    Sacramento, CA 95825
4   Phone: (916) 974-8500
    Facsimile: (916) 974-8510
5   Email: longyear@longyearlaw.com
            cahill@longyearlaw.com
6           yu@longyearlaw.com

7   Attorneys for Defendant,
    Hannah Romias
8

9               SUPERIOR COURT OF CALIFORNIA

10                   COUNTY OF FRESNO

11

12  Thalia Vargas Sage, a minor, by and through   )   CASE NO. 24CECG00521
    her GAL, Joey Vargas,                          )
13                                                 )
                Plaintiffs,                        )
14                                                 )   **MEMORANDUM OF POINTS AND**
    v.                                             )   **AUTHORITIES IN SUPPORT OF**
15                                                 )   **DEMURRER AND MOTION TO STRIKE**
                                                   )   **PLAINTIFF'S COMPLAINT**
16  Hannah Romias,                                 )
                                                   )
17              Defendants.                        )   Date:   May 14, 2024
                                                   )   Time:   3:30 p.m.
18                                                 )   Dept.:  503
                                                   )
19                                                 )
                                                   )
20                                                 )   Assigned to Judge Jeffrey T. Hamilton, Jr., for
                                                   )   all purposes
21                                                 )
                                                   )   Filing fee exemption for Government Entity
22                                                 )   pursuant to Government Code §6103

23

24                          I.

25               **PRELIMINARY STATEMENT**

26         DEFENDANT Hannah Romias demurs to Plaintiff's Complaint because Joey Vargas, a

27  non-attorney family member, cannot represent the minor-plaintiff Thalia Vargas Sage[1], as a

28  ─────────────────────
    [1] To avoid confusion, Thalia Vargas Sage will be referred to as Thalia.

                              -1-

guardian ad litem in propria persona.  Defendant also demurs on the grounds that the Complaint is uncertain.

## II.

## MEET AND CONFER

The parties met and conferred by telephone on February 27, 2024, and were unable to reach an agreement. (Declaration of Denny Yu (hereinafter "Yu Decl.") ¶ 2 .)

## III.

## FACTUAL ALLEGATIONS AND BACKGROUND

The complaint in this case was filed on February 8, 2024.  (Complaint.)  The complaint identified the plaintiff as "Thalia Vargas Sage by and through Gal Joey Vargas."  (*Id*.)  The plaintiff was identified as a minor.  (Complaint at ¶ 3.)  According to the complaint, Defendant Romias responded to a call for service related to Thalia on September 4, 2023.  (Complaint at p. 5.)  The complaint alleges that Defendant Romias slapped Thalia after Thalia tried to bite Defendant Romias.  (Complaint at p. 5.)  The complaint asserts Thalia suffers from a myriad of mental health conditions and that Romias conducted violated the "disabilities act."  (Complaint at p. 5.)  The box for a general negligence cause of action is checked and the box for "other" is designated, with the additional information of "corporal punishment on a disabled minor." (Complaint at p. 4.)  The complaint also refers to the "use[] of excessive force" and "assault" of Thalia, in addition to seeking compensation Thalia for "slander."  (Complaint at pp. 5-6.)

The same day the complaint was filed, an application for appointment of guardian ad litem was also filed on behalf of Thalia.  (App. for GAL.)  Joey Vargas, as a parent of Thalia, requested that she be appointed as guardian ad litem for Thalia in order to prosecute the case. The court granted the application on February 9, 2024.  (Order granting GAL.)  Ms. Vargas also submitted a fee waiver application indicating the case was not being brought by an attorney, but was instead being prosecuted "pro per."  (Order on Court Fee Waiver.)

/ / /

/ / /

/ / /

-2-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.

## ARGUMENT

### A.      Standard for Demurrer

When a pleading is defective, a party may raise the defect by way of demurrer. (Cal. Code Civ. Proc. § 430.) A demurrer is appropriate when "the person who filed the pleading does not have the legal capacity to sue. (Cal. Code Civ. Proc., § 430.10(b).) A demurrer should be sustained when the complaint is uncertain. (Cal. Code Civ. Proc., § 430.10(f).)

### B.      The Complaint is Uncertain.

A demurrer for uncertainty will be sustained where the complaint is so bad that defendant cannot reasonably respond – i.e. he or she cannot reasonably determine what issues or claims are directed against him or her. (*Khoury v. Maly's of Calif.*, Inc. (1993) 14 Cal. 4th 612, 616.) A complaint is uncertain if it is ambiguous or unintelligible. (Cal. Code. Civ. Proc. § 430.10(f).)

Here, Plaintiff identifies potential causes of action, marked as an "Intentional Tort" and "general negligence." The term "Intentional Tort" is not a specific cause of action, but rather, describes an expansive group of potential torts. While Plaintiff describes in the complaint the events that prompted this suit, the Complaint is ambiguous as to what cause of action is being alleged and uses a variety of terms that could be construed as either descriptors or invocation of a formal cause of action.  For instance, the complaint states that there was a use of excessive force and an assault, but it is unclear if the Complaint intends to state a *cause of action* for assault or battery.  Further, it is unclear if Plaintiff intends to assert an excessive force claim under the Fourth Amendment, or if this is simply a description of her general negligence claims.  Lastly, Plaintiff asserts that the actions at issue violated an unnamed disabilities law, but Defendant cannot decipher if Plaintiff intends to invoke a cause of action under the Americans with Disabilities Act, its California counterpart, or if these are simply extraneous allegations. Defendant is unable to properly respond to the complaint because Defendant is unable to determine what claims are relevant and at issue. Thus, this demurrer should be sustained because Plaintiff's complaint is uncertain and ambiguous.

/ / /

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT

### C.      A Guardian ad Litem May Not Proceed Without Counsel

"When a minor, a person who lacks legal capacity to make decisions, or a person for whom a conservator has been appointed is a party, that person shall appear either by a guardian or conservator of the estate or by a guardian ad litem appointed by the court in which the action is pending." (Cal. Code Civ. Proc. § 372(a)(1).)  "A guardian ad litem is not a party to an action, but merely the representative of record of a party." (*Estate of Cochems* (1952) 110 Cal.App.2d 27, 29.) A guardian ad litem is appointed to "take care of the person or property of a minor, not for the purpose of prosecuting a lawsuit." (*D.G. v. Superior Court* (1979) 100 Cal.App.3d 535, 546.) In essence, "a guardian ad litem represents the interests of a person in legal proceedings who lacks capacity to represent himself or herself in those proceedings." (*J.W. v. Superior Court* (1993) 17 Cal. App. 4th 958, 965.)

"A nonattorney who represents another person in court proceedings violates the prohibition against unauthorized practice of law." (*Id*. at 962.) The general rule is that while a person may proceed in propria persona, representing himself and his own interests, a person shall not practice law for another in California unless that person is an active member of the state bar. (*Id*. at 965 (citing to *Abar v. Rogers* (1981) 124 Cal. App. 3d 862, 865).) Thus, a guardian ad litem proceeding in propria persona is engaged in the unauthorized practice of law.  (*Id*. at 968-969.)

Here, Plaintiff, Thalia is a minor who lacks the legal capacity to sue. Joey Vargas was appointed as the Plaintiff's guardian ad litem to represent her interests as a minor. (GAL Order.) However, Joey Vargas, as the guardian ad litem for Thalia, is attempting to proceed in propria persona in this matter, which she cannot do. Allowing Ms. Vargas to represent the Plaintiff as guardian ad litem in *pro per* would constitute as an unauthorized practice of law in violation of Bus. & Prof. Code, § 6125.  (*See also* J.W., 17 Cal. App. 4th at 968.)  As such, Defendant asks the court to strike Plaintiff's complaint.

/ / /

/ / /

/ / /

-4-

**V.**

**CONCLUSION**

WHEREFORE, based on the forgoing, Defendant, Hannah Romias, respectfully requests that this demurrer be sustained in full.  Alternatively, Defendant asks that the Complaint be stricken as Ms. Vargas may not proceed as guardian ad litem without an attorney.

Dated:   March 21, 2024                                     LONGYEAR & LAVRA, LLP

By: _____
         VAN LONGYEAR
         NICOLE M. CAHILL
         DENNY YU
         Attorneys Defendant,
         Hannah Romias

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER AND MOTION TO
STRIKE PLAINTIFF'S COMPLAINT

# PROOF OF SERVICE

**CASE TITLE:**  *Vargas v. Romias*
**COURT:**  Fresno County Superior Court
**CASE NO:**  24CECG00521

I am employed in the County of Sacramento.  I am over the age of eighteen years and not

a party to the within above-entitled action. My business address is 555 University Avenue, Suite

280, Sacramento, CA 95825.

I am familiar with this office's practice whereby the mail is sealed, given the appropriate

postage and placed in a designated mail collection area.  Each day's mail is collected and

deposited in a United States mailbox after the close of each day's business.

On March 21, 2024, I caused the following to be served:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO COMPLAINT AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT**

  XX  United States Mail - on all parties in said action by placing a true copy of the above-described document(s) enclosed in a sealed envelope in the designated area for outgoing mail addressed as set forth below.

____  By ELECTRONIC MAIL - by personally sending to the addressee's Electronic Mail address a true copy of the above-described document(s).

_____  Federal Express - on all parties in said action by placing a true copy of the above-described document(s) in an authorized area for pick-up by an authorized express service courier the same day it is collected and processed in the ordinary course of business as set forth below.

___  Personal Service - By personally delivering or causing to be delivered a true copy of the above-described document to the person(s) and at the address(es) set forth as shown below.

## SEE ATTACHED SERVICE LIST

I declare under penalty of perjury that the foregoing is true and correct and that this

declaration was executed on March 21, 2024, at Sacramento, California.

_Danielle Gonzales_
Danielle Gonzales
Employee of Longyear & Lavra, LLP

-6-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>SERVICE LIST</u>

**<u>PLAINTIFF IN PRO PER</u>**
Joey Vargas, GAL for minor T.V.S.
1300 Minnewawa Avenue, #239
Clovis, CA 93612
T: 559-614-0695

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER AND MOTION TO
STRIKE PLAINTIFF'S COMPLAINT

1

2   Joey Vargas
    1300 Minnewawa Ave,239
3   Clovis,Ca 93612
    Tel: (559)881-0566
4   Email: joeyvar007@icloud.com

5   GAL for Thalia Vargas Sage

6

7

8               **SUPERIOR COURT OF CALIFORNIA**

9            **FRESNO COUNTY SUPERIOR COURT**

10                     **CIVIL DIVISION**

11

12   THALIA VARGAS SAGE,a minor,by and   )   Case No.: 24CECG00521
     through her GAL,JOEY VARGAS          )
13                                        )   **OPPOSITION TO DEFENDANT'S**
                  Plaintiff,              )   **DEMURRER TO PLAINTIFF'S**
14                                        )   **COMPLAINT**
           v.                             )
15                                        )   Date: MAY 14, 2024
     HANNAH ROMIAS,                       )   Time: 3:30 p.m.
16                                        )   Dept.: 503
                  Defendant.              )   Judge: Honorable Jeffery T. Hamilton,Jr., for
17   _____  )   all purposes

18

19   I.      **INTRODUCTION**

20          Plaintiff Joey Vargas submits this Opposition to the Demurrer of Defendant Hannah

21   Romias.  Defendant has demurred to the first and second cause of action in Plaintiff's Complaint.

22   For the reasons set forth below, Defendant's Demurrer should be overruled.

23   II.     **FACTS**

24          Plaintiff used Judicial Council forms for Plaintiff's Complaint filed on Plaintiff's

25   Complaint alleges that the defendant Hannah Romias used EXCESSIVE FORCE,  On Minor

     Thalia Vargas Sage ,On September 4, 2023. Thalia Vargas Sage is legally disabled due to Severe

                                          1

POST TRAUMATIC SYNDROME, ADD, PTSD and MDD with severe sycosis. Officer Hannah Romias was aware of minors condition.Officer Romias with intent struck minor Thalia Vargas Sage in the face . Officer Romias chose excessive force to prevent Thalia Vargas Sage from defending herself due to excessive pressure on Thalia Vargas Sage wrist while Thalia Vargas Sage was already sitting on floor.Instead of using her Post training in regards to people (children)with mental health issues, Which Stipulates de-escalation techniques should be used to calm the the individual  to avoid use of force . Minor Thalia Vargas Sage told Officer Hannah Romias she was hurting her while she was putting pressure on her wrist, While Thalia Vargas Sage was sitting down on the floor. Officer Hannah Romias did not let go or release pressure on Disabled minors wrist causing Thalia Vargas Sage to trigger , Officer Hannah Romias at anytime did not assess disabled minors mental health during incident . The Factual Allegations show Officer Hannah Romias neglected to provide Safety to a minor with mental disabilities who was not a threat to the community. Which caused emotional pain and suffering and injury during and after said incident. Officer Hannah Romias failed to employ reasonable interventions with respect to Thalia Vargas Sage such as crisis intervention , de-escalation, patience, and waiting. Which would of been consistent with Thalia's status as a disabled child as well as her IEP, Thalia suffered and continues to suffer physical pain ,emotional pain, psychological injury,trauma,and suffering. As a conclusion Thalia Vargas Sage Fouth Admendment rights were violated as well as a Children's Code, J.H.v Nation CIV 12-0128 JB/LAM(D.N.M. Jan.19,2015) right when excessive force was used which violated the Americans with Disabilities Act. And Officer Hannah Romias escalated the situation . "Hudson v McMillion, 503 U.S 1,1-2(1992); see also Bozeman v. Orum, 422 F.3d 1265,1271(11th Cir.2095) also see. T.W. V. School Brad. Seminole County , Gohl ex rel. J.G v. Livonia Pub. Sch.,  N.R. v. Sch. Bd. of Okaloosa Cnty.  Therefore I ask for the Defendant's demurrer to be overruled.

1

2

3

4                          "MEET and CONFER"

5

6    III.   **Both parties meet and talked by phone on February 27, 2024 in which the**

7           **Plaintiff agreed to remedy causes of action and to seek an Attorney .**

8              Defendant's Demurrer should be denied due to complaint being remedied and the
9              uncertainty is now certain.

10                (e) The pleading does state facts sufficient to constitute a cause of action.
                  (f) The pleading is not uncertain.  As used in this subdivision, "uncertain" includes
11             ambiguous and unintelligible.

12

13            In Defendant's Demurrer to Plaintiff's Complaint, Defendant has alleged that

14   Plaintiff's Complaint "does not state facts sufficient to constitute a cause of action," as required

15   under CCP 430.10.  Further, Defendant has also not shown that the pleading is uncertain.  Rather,

16   Defendant's demurrer is based upon Complaint being insufficient and unintelligent, And because

17   Plaintiff is not a Lawyer. Sufficient Grounds for a Complaint and Causes of Action have been

18   found . Therefore, Defendants Demurrer should be Denied.

19

20   A.  **Plaintiff's Complaint includes legally sufficient factual allegations**

21

22            Pursuant to California Code of Civil Procedure § 452, in ruling on a demurrer, all

23   allegations in the complaint "must be liberally construed, with a view to substantial justice

24   between the parties." Cal. Code Civ. Proc. § 452 (emphasis added).  Moreover, the Court must

25   accept as true all facts which are properly pled and must assume that the plaintiff will be able to

     prove all of the facts alleged.  Fundin v. Chicago Pneumatic Tool Co., 152 Cal.App.3d 951,955

     (1984); Dell E. Webb Corp. v. Structural Materials Co., 123 Cal.App.3d 593,604 (1981) (stating

                                            3
     plaintiff's opposition to defendant's demurrer to plaintiff's complaint  Case No.: 24CECG00521

"[f]or the purposes of a demurrer, all allegations pled in the complaint must be taken as true").

In addition, it is well established that a demurrer is limited to the challenge of alleged deficiencies evident from the face of a complaint. Cal. Code. Civ. Proc. § 430.10; Assurance Co. of America v. Haven, 32 Cal.App.4th 78, 82 (1995) (stating a demurrer challenges only the legal sufficiency of the complaint, not the truth or the accuracy of its factual allegations or the plaintiff's ability to prove those allegations); Porten v. Univ. of San Francisco, 64 Cal.App.3d 825, 827 (1976) (stating a "demurrer is to be treated as admitting the truthfulness of all properly pleaded factual allegations of the complaint"). A demurrer tests the legal sufficiency of factual allegations in a complaint. Title Insurance Company v. Comerica Bank-California (1994) 24 Cal.App.4th 800, 807. In ruling on a demurrer, the court may not interpret an agreement: **"The hearing on demurrer may not be turned into a contested evidentiary hearing through the guise of having the court take judicial notice of documents whose truthfulness or proper interpretation are disputable."** Fremont Indemnity Co. v. Fremont General Corp., 148 Cal.App.4th 97, 114 (2007).

Therefore, Plaintiff's Complaint alleges all four elements of a cause of action

Further, when the allegations of a pleading establish that there is no legal theory upon which liability may be imposed, the Court should sustain the demurrer. Carroll v. Puritan Leasing liability on the part of Defendant.

In Salimi v. State Comp. Insurance Fund (1997) 54 Cal.App.4th 216, the court ruled that the primary function of demurrer is to test the sufficiency of the pleadings. Further, in Cantu v Resolution Trust Corp. (1992) 4 Cal. App.4th 857, 879-80,

Therefore, Defendant's Demurrer should be overruled.

**B. Plaintiff's Complaint includes legally sufficient factual allegations**

A demurrer is not concerned with the likelihood that the plaintiffs will prevail, nor even

4

whether they have evidence to support their allegations. Accardi v. Superior Court (1993) 17 Cal.App.4th 341, 346.

If a contract set out in the complaint is ambiguous, plaintiff's interpretation must be accepted as correct in testing the sufficiency of the complaint: "A general demurrer to the complaint admits not only the contents of the instrument but also any pleaded meaning to which the instrument is reasonably susceptible." Aragon-Haas v. Family Security Ins. Services, Inc. (1991) 231 Cal.App.3d 232, 239.

Evidently, Defendant's main argument is that there is a defect in the pleading , and Plaintiff cannot prevail because of lack of intelligence as a officer of the court, Plaintiff pleads with court for an objection against the demurrer because of the Plaintiff's Facts are shown in the Amended Complaint. Are to be true and Factual.

IV.   CONCLUSION

Wherefore, the Plaintiff, Joey Vargas adlitem for Thalia Vargas Sage,  respectfully requests that this Court overrule the Defendants Demurrer, that the Defendant has failed to show any deficiencies in the FACTS alleged in Plaintiff's Complaint, and Causes of Action have been remedied.

DATED: MARCH 29,2024

Respectfully Submitted,
Joey Vargas
Adlitem for Thalia Vargas-Sage

plaintiff's opposition to defendant's demurrer to plaintiff's complaint  Case No.: 24CECG00521

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>Civil Unlimited Department, Central Division | Entered by: |
|---|---|
| **TITLE OF CASE:**<br><br>**Thalia Vargas Sage vs Hannah Romias** | |
| **MINUTE ORDER** | Case Number:<br><br>**24CECG00521** |

**Date:  May 22, 2024**    **Hearing Type:  From Chambers RE: Case Management Conference**

Department: **402**     Judge/Temporary Judge: **D. Brickey**

Court Clerk: **M. Sanchez**          Reporter/Tape: **Not Reported**          ☐ Contested

| Appearing Parties:<br>**Plaintiff:** | ☐ appearing on behalf of Plaintiff |
|---|---|
| **Defendant:** | ☐ appearing on behalf of<br>Defendant |

☐ Off Calendar

☒ Continued to    **October 23, 2024** at **3:00 PM** Dept **402** for **Further Case Management Conference**

Court finds good cause to continue the Case Management Conference hearing currently set for 6/04/24 at 3:00 p.m. in Department 402 to the continuance date as stated above.

A Case Management Conference Statement (form CM-110) is to be filed with the court at least 15 calendar days prior to the continued hearing.

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California   93724-0002<br>(559) 457-2000 | *FOR COURT USE ONLY* |
|---|---|
| TITLE OF CASE:<br>  Thalia Vargas Sage vs. Hannah Romias | |
| **CLERK'S CERTIFICATE OF MAILING** | CASE NUMBER:<br>  24CECG00521 |

I certify that I am not a party to this cause and that a true copy of the:

### Chambers Work- Pre Minutes/Order

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice.   I am readily familiar with this court's practice for collecting and processing correspondence for mailing.   On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing:  Fresno, California   93724-0002

On Date:   05/22/2024                        Clerk, by _____, Deputy

                                                                    M. Sanchez

| Thalia Vargas Sage<br>1300 Minnewawa Ave #239<br>Clovis, CA 93612 | Nicole M. Cahill<br>Longyear & Lavra, LLP<br>555 University Ave, Suite 280<br>Sacramento, CA 95825 |
|---|---|

☐  Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06b R08-06                              **CLERK'S CERTIFICATE OF MAILING**

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Miguel A. Avila, SBN 319498<br>222 E. Carrillo St., Suite 300<br>Santa Barbara, CA 93101<br><br>TELEPHONE NO.: 805-962-4887   FAX NO. *(Optional)*: 805-963-7311<br>E-MAIL ADDRESS *(Optional)*: mavila@sangerlawfirm.com<br>ATTORNEY FOR *(Name)*: Thalia Vargas Sage | **E-FILED**<br>**6/5/2024 5:11 PM**<br>**Superior Court of California**<br>**County of Fresno**<br>**By: Estela Gonzalez, Deputy** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Fresno
STREET ADDRESS: 1130 O Street
MAILING ADDRESS:
CITY AND ZIP CODE: Fresno, CA 93721
BRANCH NAME: B.F. Sisk Courthouse

CASE NAME:
Thalia Vargas Sage by and through her GAL, Joey V. v. Hannah Romias

| SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | CASE NUMBER:<br>24CECG00521 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name)*: Thalia Vargas Sage    makes the following substitution:

1. **Former legal representative**   ☑ Party represented self   ☐ Attorney *(name)*:
2. **New legal representative**   ☐ Party is representing self*   ☑ Attorney
   a. Name: Miguel A. Avila   b. State Bar No. *(if applicable)*: 319498
   c. Address *(number, street, city, ZIP, and law firm name, if applicable)*:
      222 E. Carrillo St., Suite 300
      Santa Barbara, CA 93101
   d. Telephone No. *(include area code)*: 805-962-4887
3. The party making this substitution is a   ☑ plaintiff   ☐ defendant   ☐ petitioner   ☐ respondent   ☐ other *(specify)*:

---

***NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee
- Personal Representative
- Probate fiduciary
- Corporation
- Guardian ad litem
- Unincorporated association

**If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.**

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
**A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.**

---

4. I consent to this substitution.
   Date: Jun 5, 2024

   Thalia Vargas Sage by and through Joey Vargas    ► *Joey Vargas*
   _____       Joey Vargas (Jun 5, 2024 16:23 PDT)
   (TYPE OR PRINT NAME)                               _____
                                                      (SIGNATURE OF PARTY)

5. ☐   I consent to this substitution.
   Date:

   _____    ►  _____
   (TYPE OR PRINT NAME)                               (SIGNATURE OF FORMER ATTORNEY)

6. ☑   I consent to this substitution.
   Date: 06/05/2024
   Miguel A. Avila                                 ► *Mgpl AC Al*
   _____       _____
   (TYPE OR PRINT NAME)                               (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)

Page 1 of 2

Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009]

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov

MC–050

| CASE NAME: | CASE NUMBER: |
|---|---|
| Thalia Vargas Sage by and through her GAL, Joey V. v. Hannah Romias | 24CECG00521 |

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*

   222 E. Carrillo St., Suite 300, Santa Barbara, CA 93101

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1 ) Date of mailing: 06/05/2024      (2) Place of mailing *(city and state):* Santa Barbara, CA

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 06/05/2024

Victoria Platonova
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served: Nicole M Cahill
   b. Address *(number, street, city, and ZIP)*:
      555 University Ave, Suite 280
      Sacramento, CA 95825
   c. Name of person served: Denny Yu
   d. Address *(number, street, city, and ZIP)*:
      555 University Ave, Suite 280
      Sacramento, CA 95825

   e. Name of person served:
   f. Address *(number, street, city, and ZIP)*:


   g. Name of person served:
   h. Address *(number, street, city, and ZIP)*:


   i. Name of person served:
   j. Address *(number, street, city, and ZIP)*:


   ☐ List of names and addresses continued in attachment.

---

MC-050 [Rev. January 1, 2009] | **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | Page 2 of 2

| | |
|---|---|
| 1 | **SANGER LAW FIRM, P.C.** |
| 2 | Miguel A. Avila, SBN 319498 |
| 2 | 222 E. Carrillo Street, Suite 300 |
| 3 | Santa Barbara, CA 93101 |
| 4 | Tel.: (805) 962-4887 |
| 4 | Fax: (805) 963-7311 |
| 5 | Email: RMSteam@sangerlawfirm.com |

```
                                          FILED

                                          JUL 15 2024

                                SUPERIOR COURT OF CALIFORNIA
                                     COUNTY OF FRESNO
                                BY                    DEPUTY
```

6   Attorneys for Plaintiff

7   Thalia Vargas Sage

RECEIVED
7/9/2024 10:25 AM
FRESNO COUNTY SUPERIOR COURT
By: Yazmin Colin, Deputy

8

9   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
    **IN AND FOR THE COUNTY OF FRESNO**

10

| | | |
|---|---|---|
| 11 | THALIA VARGAS SAGE, a minor | Case No. 24CECG00521 |
| 12 | by and through her GAL, Joey Vargas, | **JOINT STIPULATION FOR** |
| 13 | Plaintiff, | **LEAVE TO FILE A SECOND** |
| 13 | | **AMENDED COMPLAINT;** |
| 14 | vs. | ▇▇▇▇▇▇ **ORDER** |
| 15 | | **THEREON** |
| 16 | HANNAH ROMIAS, | Assigned to Judge Jeffrey V. |
| 17 | Defendant. | Hamilton Jr. for all purposes |

18

19      Plaintiff Thalia Vargas Sage by and through her attorneys of record

20   Miguel A. Avila and Sanger Law Firm, P.C. and defendant Hannah Romias

21   by and through her attorneys of record Denny Yu and Longyear, Lavara, &

22   Cahill LLP, hereby stipulate as follows:

23                                   **RECITALS**

24      Whereas Plaintiff by and through her guardian ad litem Joey Vargas

25   filed her complaint for damages as a pro per on February 8, 2024;

26      WHERAS Plaintiff by and through her guardian ad litem Joey Vargas

27   filed a first amended complaint as a pro per on March 18, 2024;

28      WHEREAS defendant Romias filed a demurrer and motion to strike

1   portions of the first amended complaint with a hearing date of May 14, 2024;

2          WHEREAS Plaintiff by and through her guardian at litem Joey Vargas

3   filed an opposition to the demurrer and motion to strike on May 2, 2024;

4          WHEREAS defendant Romias filed a reply to the opposition to the

5   demurrer and motion to strike on May 7, 2024;

6          WHERAS the Court on its own motion continued the hearing on

7   demurrer and motion to strike to July 9, 2024;

8          WHEREAS new counsel for Plaintiff substituted in on June 5, 2024;

9   and

10         WHEREAS the parties met and conferred and are concurrently filing a

11  separate stipulation to take the demurrer and motion to strike scheduled for

12  July 9, 2024, off calendar.

13                          **STIPULATIONS**

14         The parties hereby stipulate as follows:

15      1. The parties agree the Court should grant Plaintiff leave to file a second

16         amended complaint; and

17      2. Plaintiff is to file her second amended complaint on or before July 22,

18         2024.

19

20

21

22

23

24  //

25  //

26  //

27  //

28

JOINT STIPULATION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

1    **IT IS SO STIPULATED**

2

3    Dated: _7/8/2024_                         SANGER LAW FIRM, P.C.

4                                  By:  _____
                                            Miguel A. Avila
5                                            Attorneys for Plaintiff
6                                            Thalia Vargas, a minor By and through
                                             her GAL, Joey Vargas
7

8
     Dated: _7-8-24_                          LONGYEAR, LAVRA, & CAHILL LLP
9

10                                 By:  _____
                                            Denny Yu
11                                           Attorneys for Defendant
12                                           Hannah Romias

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   3

1

**[PROPOSED] ORDER**

2

    GOOD CAUSE APPEARING, the court having read and considered the

3

parties joint stipulation by the parties hereby orders as follows:

4

  1.  The joint stipulation to allow Plaintiff to leave file a second amended

5

      complaint is GRANTED.

6

  2.  Plaintiff is to file a second amended complaint on or before July 22,

7

      2024.

8

**IT IS SO ORDERED.**

9

10

Dated: 2/15/24

11

                            Hon. Jeffrey P. Hamilton, Jr.

12

                            Judicial Officer of the Superior Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# PROOF OF SERVICE

I, the undersigned declare:

I am over the age of 18 years and not a party to the within action.  I am employed in the County of Santa Barbara.  My business address is 222 E. Carrillo St., Ste. 300, Santa Barbara, California, 93101.

On July 9, 2024, I served the foregoing document entitled: **PROOF OF SERVICE OF JOINT STIPULATION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; [PROPOSED] ORDER THEREON** on the interested parties in this action by depositing a true copy thereof as follows:

SEE ATTACHED SERVICE LIST

__X__   **BY ELECTRONIC TRANSMISSION** -I caused the above-referenced document(s) to be transmitted via electronic transmission to the interested parties at the email addresses referenced in the attached service list.

_____   **BY U.S. MAIL** - I am readily familiar with the firm's practice for collection of mail and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited daily with the United States Postal Service in a sealed envelope with postage thereon fully prepaid and deposited during the ordinary course of business.  Service made pursuant to this paragraph, upon motion of a party, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit.

_____   **BY HAND -** I caused the document to be hand delivered to the interested parties at the address referenced on the attached service list.

__X__   **STATE** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____   **FEDERAL -** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed July 9, 2024, at Santa Barbara, California.

*Michelle Kuperman*

Michelle Kuperman

## SERVICE LIST

LONGYEAR, LAVRA, & CAHILL LLP
Van Longyear
Nicole Cahill
Denny Yu
555 University Avenue, Suite 280
Sacramento, CA 95825
longyear@longyearlaw.com
cahill@longyearlaw.com
yu@longyearlaw.com

*Attorneys for defendant*
*Hannah Romias*

3

1 **SANGER LAW FIRM, P.C.**
2 Robert M. Sanger, SBN 058214
Miguel A. Avila, SBN 319498
3 222 E. Carrillo Street, Suite 300
4 Santa Barbara, CA 93101
Tel.: (805) 962-4887
5 Fax: (805) 963-7311
6 Email: RMSteam@sangerlawfirm.com

E-FILED
7/22/2024 5:25 PM
Superior Court of California
County of Fresno
By: S. Garcia, Deputy

7 Attorneys for Plaintiff Thalia Vargas Sage, a minor, by and through her Guardian ad
8 Litem, Joey Vargas

9 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**IN AND FOR THE COUNTY OF FRESNO**
10

11

12 Thalia Vargas Sage, through her Guardian ad litem,

Case No.  24CECG00521

13 **SECOND AMENDED COMPLAINT FOR DAMAGES**

14                   Plaintiff,

15       vs.
1. 42 U.S.C § 1983 – Excessive Force
16 2. Negligence
3. Assault
17 Officer Hannah Romias, City of Clovis, 4. Battery
Clovis Police Department, and Does 1-10,
18
**DEMAND FOR JURY TRIAL**
19                   Defendants.

20

21       Plaintiff Thalia Vargas, by and through her Guardian ad litem, Joey Vargas hereby
22 allege as follows:
23 **PARTIES**
24   1. Plaintiff Thalia Vargas (hereinafter "Plaintiff"), at all relevant times alleged
25      herein, was a minor and a resident of the County of Fresno, in the State of
26      California.
27   2. Defendant City of Clovis (hereinafter "CITY") is a legal entity duly established
28      under the laws of the State of California with all the powers specified and

necessarily implied by the Constitution and the laws of the State of California. The Clovis Police Department (hereinafter "CPD") is a subordinate agency of defendant CITY.

3. Defendant Hannah Romias (hereinafter "ROMIAS") is an individual and, at all relevant times alleged herein, was a duly appointed officer with CPD. Plaintiff is informed and believes, and on that basis alleges, ROMIAS was a resident of the County of Fresno, in the State of California.

4. Plaintiff does not know the true names of DOES 1-10, and therefore names them by fictitious names and capacities. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants designated as a DOE is negligently or otherwise legally responsible for the events and happenings referred to in this complaint, and negligently or otherwise unlawfully caused the injuries and damages to Plaintiff alleged in this complaint.

5. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times alleged herein, each Plaintiff including each DOE defendant, was the employee and/or agent of the others and was acting within the scope of this employment and/or agency, and that all acts or omissions alleged to have been committed by any one of them was committed for the benefit of every other defendant.

**JURISDICTION AND VENUE**

6. Venue is proper in this Court because (i) the public entity defendant CITY and CPD is situated in this jurisdiction; (ii) defendant ROMIAS resides and/or works in this jurisdiction; (iii) Plaintiff resides in this jurisdictional area; (iv) the injuries were inflicted in this jurisdiction; and (v) the obligations and liabilities of all defendants occurred in the County of Fresno.

7. Plaintiff presented her claim to the CITY on January 9, 2024, pursuant to Government Code § 910 et al. The CITY rejected the claim on February 5, 2024.

SECOND AMENDED COMPLAINT FOR DAMAGES

Therefore, Plaintiff has satisfied the presentation requirements prior to filing this lawsuit.

### GENERAL ALLEGATIONS

8. On September 4, 2023, Plaintiff, an 11-year-old minor, ran outside her apartment which she shared with her mother and younger sister. Plaintiff's mother could not find Plaintiff and called 911.

9. ROMIAS, a police officer with the CPD a subordinate agency of CITY, responded to the 911 call. She met Plaintiff's mother outside of her apartment. Plaintiff's mother explained that Plaintiff suffered from multiple mental health issues and disabilities and would often walk outside to collect herself, but her mother could not find Plaintiff.

10. ROMIAS and Plaintiff's mother walked through the apartment complex in search of Plaintiff.  ROMIAS spotted Plaintiff who was sitting on the ground and ran after her. ROMIAS immediately and unlawfully seized Plaintiff in violation of Plaintiff's Fourth and Fourteenth Amendment to the United States Constitution. Plaintiff stated that ROMIAS was hurting her and asked ROMIAS to let her go, which ROMIAS refused to do. Plaintiff attempted to get free from ROMIAS's grip and ROMIAS struck Plaintiff across the face. The impact from ROMIAS's strike caused significant injuries to Plaintiff's nose.

11. Plaintiff's mother arrived a few moments after ROMIAS struck Plaintiff and found her daughter on the floor crying in pain while ROMIAS continued her unlawful seizure of Plaintiff.

12. Additional units from CPD and an ambulance arrived at the scene. Plaintiff was placed in the ambulance and transported to the nearby emergency room.

13. ROMIAS, as a sworn peace officer, knew or should have known that criminal prosecution of an 11-year-old for a simple battery is a violation of California

SECOND AMENDED COMPLAINT FOR DAMAGES

Senate Bill 439[1] and Welfare and Institutions Code §§ 601-602. Plaintiff is informed and believes, and on that basis alleges, that ROMIAS, in an effort to cover up her unlawful conduct, cited Plaintiff for battery on a peace officer in violation of Penal Code § 243(b) and referred the case to the probation department for juvenile criminal proceedings even though prosecution of an 11 year old would be unlawful.

14. As a direct and proximate cause of ROMIAS's conduct, plaintiff suffered and continues to suffer damages, including but not limited to special damages for medical bills and other expenses, and general damages for pain and suffering, including a deviated septum, breathing issues, headaches, and nightmares. Plaintiff is informed and believes, and on that basis alleges, that she will require to undergo surgery to repair the facial trauma caused by ROMIAS's conduct.

## FIRST CAUSE OF ACTION

## 42 U.S.C § 1983 - FOR EXCESSIVE FORCE IN VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AGAINST ALL DEFENDANTS

15. Plaintiff realleges and incorporates by this reference each and every paragraph above and each of its allegations as if fully set forth herein.

16. At all relevant times alleged herein, defendant ROMIAS was a peace officer with the CITY and was on duty, operating under color-of-law with the CPD, when she attacked Plaintiff.

17. At all relevant times alleged herein, Plaintiff was 11 years old.  Plaintiff was

---

[1] In 2018, California Senate Bill 439 was signed into law, which amended the minimum age at which a minor can be detained, arrested, and prosecuted in juvenile court to 12-years-old, with exceptions not applicable to the instant case.

SECOND AMENDED COMPLAINT FOR DAMAGES

1      sitting on the ground when ROMIAS approached her.

2   18. Defendant ROMIAS violated Plaintiff's Fourth and Fourteenth Amendment rights,

3      which protect an individual's right to be secure in their person and free from the

4      use of excessive and unreasonable force, when ROMIAS unlawfully seized

5      Plaintiff and struck Plaintiff in the face.

6   19. Striking an 11-year-old in the face was objectively unreasonable under the

7      circumstances. It is also a violation of the CPD's prohibition against physical

8      discipline of juveniles.  Plaintiff is informed and believes and alleges thereon that

9      the CITY and CPD did not adequately train and supervise their police officer

10      including ROMIAS to avoid the infliction of physical harm upon an 11-year-old

11      child and that the CITY and CPD did not adequately train and supervise their

12      officers in dealing with people including minors who suffer from mental health

13      issues.

14   20. After striking Plaintiff in the face, ROMIAS referred the incident for criminal

15      prosecution claiming that Plaintiff battered ROMIAS. Given Plaintiff's age, any

16      referral for criminal prosecution for a battery is unlawful and in violation of

17      Welfare and Institutions Code §§ 601-602.

18   21. As a direct and proximate cause of defendant ROMIAS's conduct, Plaintiff

19      suffered serious harm, pain, and physical injury, including but not limited to a

20      deviated septum, facial trauma, emotional trauma, pain and suffering, past and

21      future medical damages, general and special damages in an amount within the

22      jurisdiction of the Court to be determined according to proof.

23   22. As a direct and proximate cause of defendant ROMIAS's conduct, Plaintiff is

24      entitled to an award of reasonable attorney fees pursuant to 42 U.S.C. § 1988.

25   23. Defendant ROMIAS's conduct in violating Plaintiff's constitutional rights was

26      done in a malicious, wanton, and oppressive manner entitling Plaintiff to an award

27      of punitive damages.

28   ///

**SECOND CAUSE OF ACTION**

**FOR NEGLIGENCE**

**AGAINST ALL DEFENDANTS**

24. Plaintiff realleges and incorporates by this reference each and every paragraph above and each of its allegations as if fully set forth herein.

25. Defendant ROMIAS owes Plaintiff a duty to exercise reasonable care to avoid causing Plaintiff injury.

26. Defendant ROMIAS breached her duty of care to Plaintiff by using physical force as set forth herein.

27. Defendant ROMIAS did not have a legal justification for striking Plaintiff.

28. As a direct and proximate cause of defendant ROMIAS's conduct, Plaintiff suffered serious harm, pain, and physical injury, including but not limited to a deviated septum, facial trauma, emotional trauma, pain and suffering, past and future medical damages, general and special damages in an amount within the jurisdiction of the Court to be determined according to proof.

**THIRD CAUSE OF ACTION**

**FOR ASSAULT**

**AGAINST DEFENDANT ROMIAS**

29. Plaintiff realleges and incorporates by this reference each and every paragraph above and each of its allegations as if fully set forth herein.

30. Defendant ROMIAS acted with an intent to cause harmful or offensive contact when she slapped Plaintiff across the face.

31. Plaintiff was struck in a harmful or offensive manner.

32. Plaintiff did not consent to, and as a minor could not consent to, defendant ROMIAS's contact.

33. As a direct and proximate cause of defendant ROMIAS's conduct, Plaintiff suffered serious harm, pain, and physical injury, including but not limited to a deviated septum, facial trauma, emotional trauma, pain and suffering, past and

SECOND AMENDED COMPLAINT FOR DAMAGES

future medical damages, general and special damages in an amount within the jurisdiction of the Court to be determined according to proof.

34. Defendant ROMIAS's conduct was done in a malicious, wanton, and oppressive manner entitling Plaintiff to an award of punitive damages.

**FOURTH CAUSE OF ACTION**

**FOR BATTERY**

**AGAINST DEFENDANT ROMIAS**

35. Plaintiff realleges and incorporates by this reference each and every paragraph above and each of its allegations as if fully set forth herein.

36. Defendant ROMIAS struck Plaintiff in a harmful or offensive manner.

37. Plaintiff did not consent to, and as a minor could not consent to, Defendant ROMIAS's contact.

38. As a direct and proximate cause of defendant ROMIAS conduct, Plaintiff suffered serious harm, pain, and physical injury, including but not limited to a deviated septum, facial trauma, emotional trauma, pain and suffering, past and future medical damages, general and special damages in an amount within the jurisdiction of the Court to be determined according to proof.

39. Defendant ROMIAS's conduct was done in a malicious, wanton, and oppressive manner entitling Plaintiff to an award of punitive damages.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against each defendant for the following:

1. For an award of general and special damages in an amount according to proof against all defendants, jointly and severally, as to all causes of action;

2. For an award of punitive damages in an amount according to proof against defendant ROMIAS;

3. For an award of reasonable attorney fees and costs of suit pursuant to 42 U.S.C § 1988; and

4. For such other and further relief as the court may deem just and proper.

SECOND AMENDED COMPLAINT FOR DAMAGES

1

## JURY DEMAND

2          Plaintiff demands this matter be set for a jury trial.

3    Dated: July 22, 2024                    Respectfully submitted,

4                                            SANGER LAW FIRM, P.C.

5

6

7                             By:   _____

8                                   Miguel A. Avila
                                    Attorneys for Plaintiff

9                                   Thalia Vargas by and through her guardian ad
                                    litem Joey Vargas

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

SECOND AMENDED COMPLAINT FOR DAMAGES

## PROOF OF SERVICE

I, the undersigned declare:

I am over the age of 18 years and not a party to the within action.  I am employed in the County of Santa Barbara.  My business address is 222 E. Carrillo St., Ste. 300, Santa Barbara, California, 93101.

On July 22, 2024, I served the foregoing document entitled: **SECOND AMENDED COMPLAINT FOR DAMAGES** on the interested parties in this action by depositing a true copy thereof as follows:

SEE ATTACHED SERVICE LIST

_X_   **BY ELECTRONIC TRANSMISSION** -I caused the above-referenced document(s) to be transmitted via electronic transmission to the interested parties at the email addresses referenced in the attached service list.

____   **BY U.S. MAIL -** I am readily familiar with the firm's practice for collection of mail and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited daily with the United States Postal Service in a sealed envelope with postage thereon fully prepaid and deposited during the ordinary course of business.  Service made pursuant to this paragraph, upon motion of a party, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit.

____   **BY HAND -** I caused the document to be hand delivered to the interested parties at the address referenced on the attached service list.

_X_   **STATE** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

____   **FEDERAL -** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed July 22, 2024, at Santa Barbara, California.

_____
Jake Swanson

**SERVICE LIST**

LONGYEAR, LAVRA, & CAHILL LLP
Van Longyear
Nicole Cahill
Denny Yu
555 University Avenue, Suite 280
Sacramento, CA 95825
longyear@longyearlaw.com
cahill@longyearlaw.com
yu@longyearlaw.com
*Attorneys for defendant*
*Hannah Romias*

SECOND AMENDED COMPLAINT FOR DAMAGES