LONGYEAR, LAVRA & CAHILL, LLP
Van Longyear, CSB No. 84189
Nicole Cahill, CSB No.: 287165
Denny Yu, CSB No.: 345213
555 University Avenue, Suite 280
Sacramento, CA 95825
Phone: (916) 974-8500
Facsimile: (916) 974-8510
Email: longyear@longyearlaw.com
       cahill@longyearlaw.com
       yu@longyearlaw.com

Attorneys for Defendants,
Officer Hannah Romias,
City of Clovis (erroneously sued as
Clovis Police Department)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.V.S, by and through her GAL, Joey Vargas, | CASE NO. 1:24-CV-00987-KES-EPG |
| Plaintiff, | **DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| Officer Hannah Romias, City of Clovis, Clovis Police Department, and Does 1-10, | |
| Defendants. | |

COME NOW DEFENDANTS, Officer Hannah Romias, City of Clovis (erroneously sued as Clovis Police Department) and in answer to Plaintiff's Second Amended Complaint ("Complaint") admit, deny and allege as follows:

1. Answering the allegations contained in paragraph number 1, page 1 of said Complaint, Defendants allege that they have no information or belief upon the subjects contained therein sufficient to enable them to answer any of said allegations, and placing their denial on that ground, deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

///

2.  Answering the allegations contained in paragraph numbers 2-3, page 1-2 of said Complaint, Defendants admits each and every, all and singular, generally and specifically, said allegations and the whole thereof.

3.  Answering the allegations contained in paragraph numbers 4-7, page 2 of said Complaint, Defendants allege that they have no information or belief upon the subjects contained therein sufficient to enable them to answer any of said allegations, and placing their denial on that ground, deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

4.  Answering the allegations contained in paragraph number 8, page 3 of said Complaint, Defendants admits each and every, all and singular, generally and specifically, said allegations and the whole thereof.

5.  Answering the allegations contained in paragraph number 9, page 3 of said Complaint, Defendants allege that they have no information or belief upon the subjects contained therein sufficient to enable them to answer any of said allegations, and placing their denial on that ground, deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

6.  Answering the allegations contained in paragraph numbers 10-11, page 3 of said Complaint, Defendants denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

7.  Answering the allegations contained in paragraph number 12, page 3 of said Complaint, Defendants allege that they have no information or belief upon the subjects contained therein sufficient to enable them to answer any of said allegations, and placing their denial on that ground, deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

8.  Answering the allegations contained in paragraph number 13 and footnote number 1, page 3-4 of said Complaint, Defendants denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

/ / /

9. Answering the allegations contained in paragraph number 14, page 4 of said Complaint, Defendants denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

10. Answering the allegations contained in paragraph number 15, page 4 of said Complaint, Defendants incorporates all the above paragraphs as if fully set herein.

11. Answering the allegations contained in paragraph number 16, page 4 of said complaint, Defendants admits that Officer Romias was a peace officer on duty. Defendant denies that Officer Romias attacked the Plaintiff.

12. Answering the allegations contained in paragraph number 17, page 4-5 of said Complaint, Defendants allege that they have no information or belief upon the subjects contained therein sufficient to enable them to answer any of said allegations, and placing their denial on that ground, deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

13. Answering the allegations contained in paragraph numbers 18-23, page 5 of said Complaint, Defendants denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

14. Answering the allegations contained in paragraph number 24, page 6 of said Complaint, Defendants incorporates all the above paragraphs as if fully set herein.

15. Answering the allegations contained in paragraph numbers 25-28, page 6 of said Complaint, Defendants denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

16. Answering the allegations contained in paragraph number 29, page 6 of said Complaint, Defendants incorporates all the above paragraphs as if fully set herein.

17. Answering the allegations contained in paragraph number 30-31, page 6 of said Complaint, Defendants denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

/ / /

/ / /

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL

18. Answering the allegations contained in paragraph number 32, page 6 of said Complaint, Defendants allege that they have no information or belief upon the subjects contained therein sufficient to enable them to answer any of said allegations, and placing their denial on that ground, deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

19. Answering the allegations contained in paragraph number 33-34, page 6-7 of said Complaint, Defendants allege that they have no information or belief upon the subjects contained therein sufficient to enable them to answer any of said allegations, and placing their denial on that ground, deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

20. Answering the allegations contained in paragraph number 35, page 7 of said Complaint, Defendants incorporates all the above paragraphs as if fully set herein.

21. Answering the allegations contained in paragraph number 36, page 7 of said Complaint, Defendants denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

22. Answering the allegations contained in paragraph number 37, page 7 of said Complaint, Defendants allege that they have no information or belief upon the subjects contained therein sufficient to enable them to answer any of said allegations, and placing their denial on that ground, deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

23. Answering the allegations contained in paragraph number 38-39, page 7 of said Complaint, Defendants denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

As separate and affirmative defenses, answering Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

That said Complaint fails to state a claim upon which relief can be granted.

/ / /

/ / /

## SECOND AFFIRMATIVE DEFENSE

That at all times herein mentioned the actions of Defendant's employees and contractors were reasonable and in good faith and as such they are entitled to qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

That this incident was caused by the negligence and/or fault of other persons, corporations, and entities including both parties and non-parties to this action whether named or not named and that Defendants' liability, if any, should be reduced accordingly.

## FOURTH AFFIRMATIVE DEFENSE

That Plaintiff was contributorily negligent, that such negligence contributed to the incident and that Plaintiff's recovery should therefore either be barred or reduced to the extent of Plaintiff's negligence.

## FIFTH AFFIRMATIVE DEFENSE

That Defendants are immune from state law claims for punitive damages pursuant to California Government Code Section 818.

## SIXTH AFFIRMATIVE DEFENSE

That Defendants are immune from state law claims pursuant to California Government Code Section 820.8.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by failure to comply with the California Tort Claims Act, California Government Code Sections 910 through 915.4 and Sections 945.4 through 946.6.

## EIGHTH AFFIRMATIVE DEFENSE

For any and every state law claim, to the extent Plaintiffs allege a claim that was not included in the government Claim presented to the County, that claim or claims is/are barred by the Government Code.

## NINTH AFFIRMATIVE DEFENSE

Every state law claim against any public employee and any public official is barred by Government Code Section 820.2.

/ / /

## TENTH AFFIRMATIVE DEFENSE

Every state law claim against any public entity where the claim is based on a public employee's exercise of discretion is barred by Government Code Section 815.2.

## ELEVENTH AFFIRMATIVE DEFENSE

Because the complaint is vague, ambiguous, and in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this matter. Accordingly, the right to assert additional affirmative defenses, if any, to the extent such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, said answering Defendants pray for relief as follows:

1. For judgment as against Plaintiff and in favor of Defendants;
2. That Plaintiff takes nothing by way of his Complaint;
3. For attorneys' fees and costs of suit incurred herein; and
4. For such other and further relief as the court may deem just and proper

Dated: August 28, 2024                LONGYEAR, LAVRA & CAHILL, LLP


By: /s/ Denny Yu
    VAN LONGYEAR
    NICOLE CAHILL
    DENNY YU
    Attorneys for Defendants,
    Officer Hannah Romias and
    City of Clovis

**DEMAND FOR JURY TRIAL**

Defendants Officer Hannah Romias and City of Clovis hereby request a trial by jury.

Dated: August 28, 2024                    LONGYEAR, LAVRA & CAHILL, LLP


By: /s/ Denny Yu
    VAN LONGYEAR
    NICOLE CAHILL
    DENNY YU
    Attorneys for Defendants,
    Officer Hannah Romias and
    City of Clovis

## PROOF OF SERVICE

**CASE TITLE:** *Vargas v. Romias*
**COURT:** USDC Eastern District of California
**CASE NO:** 1:24-CV-00987-KES-EPG

I am employed in the County of Sacramento. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 555 University Avenue, Suite 280, Sacramento, CA 95825.

I am familiar with this office's practice whereby the mail is sealed, given the appropriate postage and placed in a designated mail collection area. Each day's mail is collected and deposited in a United States mailbox after the close of each day's business.

On August 28, 2024, I caused the following to be served:

**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

__XX__ United States Mail - on all parties in said action by placing a true copy of the above-described document(s) enclosed in a sealed envelope in the designated area for outgoing mail addressed as set forth below.

____ By ELECTRONIC MAIL - by personally sending to the addressee's Electronic Mail address a true copy of the above-described document(s).

**SEE ATTACHED SERVICE LIST**

XX    FEDERAL: I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 28, 2024, at Sacramento, California.

_/s/ Danielle Gonzales_
Danielle Gonzales
Employee of Longyear, Lavra & Cahill, LLP

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL

**SERVICE LIST**

**ATTORNEYS FOR PLAINTIFF**
Miguel A. Avila, SBN: 319498
SANGER LAW FIRM, APC
222 E. Carrillo St., Suite 300
Santa Barbara, CA 93101
T: 805-862-4887
Fax: 805-963-7311
Email: mavila@sangerlawfirm.com
          mkuperman@sangerlawfirm.com (legal asst)