UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.V.S., *by and through her GAL, Joey Vargas*, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CLOVIS, *et al.*, <br><br> Defendants. | Case No.   1:24-cv-00987-KES-EPG <br><br> ORDER (1) SETTING HEARING; (2) DIRECTING CLERK OF COURT TO SEAL PETITION FOR APPROVAL OF MINOR'S SETTLEMENT; AND (3) AND NOTING ISSUES COURT WILL ADDRESS AT THE HEARING <br><br> (ECF No. 23) |

## I.    INTRODUCTION

Plaintiff T.V.S., a minor, proceeds through her guardian ad litem in this civil action bringing Federal and state claims following an incident between Defendant Hannah Romias, an officer with the Clovis Police Department, and the minor Plaintiff, T.V.S. (ECF No. 1, p. 44). The parties have settled this case, and Plaintiff has filed a petition for the Court to approve the parties' settlement agreement. (ECF No. 23). For the reasons explained below, the Court will set a hearing on the petition, direct the Clerk of Court to seal the petition, and note issues that the Court will address at the hearing.

## II.    DISCUSSION

Generally, the Court's Local Rules require a plaintiff to notice a motion for a hearing and for a minor plaintiff, and her guardian, to attend a hearing for approval of a settlement agreement.

1

*See* Local Rule 230(b); Local Rule 202(d). Thus, the Court will set a telephonic hearing on Plaintiff's petition on April 3, 2026, at 10 a.m. Plaintiff T.V.S., as well as her guardian Joey Vargas, shall attend this hearing telephonically.

Next, Plaintiff includes her full name in her petition, contrary to Federal Rule of Civil Procedure 5.2(a)(3), which permits only a minor's initials to be used in court filings. (*See, e.g.*, 23-1, p. 13). However, "[a] person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal." Fed. R. Civ. P. 5.2(h). The Court will direct the Clerk of Court to seal the petition and give Plaintiff 14 days to file a redacted petition. If Plaintiff chooses not to do so, the Court will assume that she has waived her privacy protections and will unseal the petition.

Additionally, the Court must decide whether the parties' settlement "is fair and reasonable in light of the facts of the case, each minor's claims, and typical recovery by minor plaintiffs in similar cases." *Robidoux v. Rosengren*, 638 F.3d 1177, 1182 (9th Cir. 2011). While Plaintiff asserts that her settlement is fair and reasonable, Plaintiff provides no developed argument on this issue. (*See* ECF No. 23, pp. 4-5). Plaintiff should be prepared to discuss this issue at the hearing.

Plaintiff proposes a gross settlement of $30,000 with a reduction of $8,996.34[1] for attorney's fees and $3,000.28 for expenses for a net recovery of $17,995.38. (ECF No. 23-1, p. 6). However, this calculation appears to be incorrect,[2] and Plaintiff should be prepared to discuss this issue at the hearing.

Lastly, the settlement agreement states that "Plaintiff warrants that she . . . has not received benefits under any program operated by the California Department of Health Care Services, *e.g.* 'Medi-Cal,' . . . that are related in any way to . . . any injury or damage Plaintiff claims to have suffered of the incident . . . ." (*Id.* at 20) (emphasis omitted). However, the petition indicates that Medi-Cal paid $350 on Plaintiff's behalf for injuries sustained from the incident in the operative complaint. (*Id.* at 4). Plaintiff should be prepared to discuss this issue at the hearing.

**III.    ORDER**

For the reasons given above, IT IS ORDERED as follows:

---

[1] The Court may also address the proper amount of attorney's fees at the hearing.
[2] $30,000 - $8,996.34 - $3,000.28 = $18,003.38.

1. A telephonic hearing on Plaintiff's petition (ECF No. 23) is set for April 3, 2026, at 10 a.m. To connect to the telephonic conference, the parties shall (1) dial 1-669-254-5252, (2) enter 161 733 0675 for the meeting ID followed by #, (3) enter # when asked for the participant ID, (4) enter 740484 for the meeting passcode followed #, and (5) enter *6 to unmute. Plaintiff T.V.S., as well as her guardian Joey Vargas, shall attend this hearing.

2. The Clerk of Court is directed to seal Plaintiff's petition. (ECF No. 23). Plaintiff shall have 14 days from the entry of this order to file a redacted petition, redacting any privacy information protected under Federal Rule of Civil Procedure 5.2(a). If Plaintiff chooses not to do so, the Court will assume that she has waived her privacy protections and will unseal the petition.

3. Plaintiff should be prepared to discuss the following issues at the hearing: (1) why the settlement is fair and reasonable; (2) the exact calculation of Plaintiff's net recovery; and (3) whether Plaintiff has received Medi-Cal benefits.

IT IS SO ORDERED.

Dated:  __**February 24, 2026**__          ___/s/ Erica P. Grosjean___
                                           UNITED STATES MAGISTRATE JUDGE