UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.V.S., *by and through her GAL, Joey Vargas*,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CLOVIS, *et al.*,<br><br>Defendants. | Case No.   1:24-cv-00987-KES-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S PETITION FOR APPROVAL OF MINOR'S SETTLEMENT BE GRANTED<br><br>(ECF No. 23) |

## I.   INTRODUCTION

Plaintiff T.V.S., a minor, proceeds through her guardian ad litem Joey Vargas in this civil action, bringing Federal and state claims following an incident where Defendant Hannah Romias, an officer with the Clovis Police Department, allegedly struck Plaintiff in the face. (ECF No. 1, p. 44).

The parties have settled this case, and Plaintiff has filed a petition for the Court to approve the parties' settlement agreement.[1] (ECF No. 26 (redacted version filed on March 10, 2026); ECF No. 23 (unredacted version filed on February 17, 2026)). Defendants have filed a non-opposition to the petition. (ECF No. 27).

The presiding District Judge referred the petition for the preparation of findings and recommendations. (ECF No. 2-1, p. 2).

---

[1] The Court will cite the redacted version of the petition.

1

Upon review, the Court will recommend that Plaintiff's petition be granted because the proposed settlement is fair and reasonable and in Plaintiff's best interests.

## II.    BACKGROUND

Plaintiff filed her initial complaint in the Fresno County Superior Court in February 2024. (ECF No. 1, p. 4). That same month, Plaintiff's mother, Joey Vargas, was appointed as Plaintiff's guardian ad litem. (*See* ECF No. 8, p. 2).

Defendant removed the case to this Court on August 21, 2024. (ECF No. 1). Plaintiff filed her operative second amended complaint in July 2024 bringing the following claims: (1) excessive force in violation of 42 U.S.C. § 1983; (2) negligence; (3) assault; and (4) battery. (*Id.* at 42).

She alleges that the underlying events occurred in September 2023, when she was 11 years old. (*Id.* at 44). Plaintiff left her apartment, and her mother could not find her, prompting her mother to call 911 for help. (*Id.*). Defendant Romias responded to the call, and Plaintiff's mother informed Romias "that Plaintiff suffered from multiple mental health issues and disabilities and would often walk outside to collect herself, but her mother could not find Plaintiff." (*Id.*).

After Romias found Plaintiff,

> ROMIAS immediately and unlawfully seized Plaintiff in violation of Plaintiff's Fourth and Fourteenth Amendment to the United States Constitution. Plaintiff stated that ROMIAS was hurting her and asked ROMIAS to let her go, which ROMIAS refused to do. Plaintiff attempted to get free from ROMIAS's grip and ROMIAS struck Plaintiff across the face. The impact from ROMIAS's strike caused significant injuries to Plaintiff's nose.

(*Id.*).

Following the removal of this case, the Court entered a case schedule. (ECF No. 11). After completing some discovery, the parties participated in a court-facilitated settlement conference before the undersigned and ultimately settled the case. (ECF Nos. 15, 21). Thereafter, Plaintiff filed her petition for approval of the parties' settlement, which includes medical records, the parties' settlement agreement, a declaration from her attorney, and her attorney's fee agreement. (ECF No. 26). Defendants filed a non-opposition to the petition on March 19, 2026. (ECF Nos. 27).

2

The Court issued an order on February 24, 2026, directing Plaintiff to be prepared to address specific questions at the hearing. (ECF No. 25).

The Court held a telephonic hearing on the petition on April 3, 2026, where counsel for all parties and Plaintiff's guardian ad litem were present. (ECF No. 28).

**III.    TERMS OF THE SETTLEMENT**

Defendants agree to pay Plaintiff a total of $30,000 to release all her claims related to the events described in the operative complaint. (ECF No. 26-1, p. 18). Plaintiff asks that this amount be disbursed as follows:

> $8,996.34 in attorney's fees to her counsel
>
> $2,994.44 for litigation costs (including deposition, court filing, and medical record fees)[2]
>
> $270.77 for a Medi-Cal lien to be reimbursed from the settlement proceeds[3]
>
> $17,738.45 to be deposited in an insured account for Plaintiff[4]

(ECF No. 26-1, pp. 5-6).

Lastly, the settlement agreement provides that "Plaintiff will cause to be filed a voluntary dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a) as to the City and all other named defendants." (*Id.* at 19) (emphasis omitted).

**IV.    LEGAL STANDARDS**

Local Rule 202 governs cases involving a minor. Beginning with the requirement for a representative, it states, in relevant part:

> **(a) Appointment of Representative or Guardian.**  Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor . . . , the attorney representing the minor . . . shall present (1) appropriate evidence of the appointment of a representative for the minor . . . under state law or (2) a motion for the appointment of a guardian <u>ad</u> <u>litem</u> by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor . . . . <u>See</u> Fed. R. Civ. P. 17(c).

Local Rule 202(a).

Regarding a minor's settled claims, the Local Rule provides as follows:

---

[2] Although the petition requests $3,008.28 in costs, Plaintiff's counsel agreed at the hearing that this was based on a calculation error and the correct amount is $2,994.44.

[3] The petition does not identify the Medi-Cal lien; however, Plaintiff's counsel stated at the hearing that he recently learned of the lien.

[4] While the petition identifies $17,995.38 as Plaintiff's share of the settlement, that amount was based off an incorrect amount of costs and did not recognize the existence of the Medi-Cal lien.

3

**(b) Settlement.** No claim by or against a minor . . . may be settled or compromised absent an order by the Court approving the settlement or compromise.

> **(2) Approval in All Other Actions.** In all other actions, the motion for approval of a proposed settlement or compromise shall be filed and calendared pursuant to L.R. 230. The application shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances.

Local Rule 202(b)(2).

Further, there is a separate requirement for an attorney to disclose their interests:

> **(c) Disclosure of Attorney's Interest.** When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

Local Rule 202(c).

Lastly, there is a provision regarding the disbursement of funds to a minor.

> **(e) Payment of Judgment.** Whenever money or property is recovered on behalf of a minor . . . , the money or property will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . . .

Local Rule 202(e).

Federal Rule of Civil Procedure 17 also imposes on district courts a special duty to safeguard the interests of minor persons, providing that a "court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2); *see Robidoux v. Rosengren*, 638 F.3d 1177,

4

1181 (9th Cir. 2011) (discussing special duty in context of minors).

In the context of proposed settlements in suits involving minor persons, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

## V.    DISCUSSION

### A.    Local Rules

The Court begins with the requirements under its Local Rules. Consistent with Local Rule 202(a), Plaintiff's mother, Joey Vargas, has already been appointed as her guardian ad litem. (ECF No. 8, p. 2).

Under Local Rule 202(b)(2), the petition indicates that Plaintiff is 13 years old and a female. (ECF No. 26, p. 2; ECF No. 26-1, p. 1). As for the nature of the causes of action being settled, the petition and settlement agreement note that all claims raised in the complaint—the § 1983 and state law claims—are being settled. (ECF No. 26, pp. 2, 4; ECF No. 26-1, p. 18). The motion summarizes the material facts noted above from the operative complaint—*i.e.*, Romias allegedly struck Plaintiff in September 2023 after Plaintiff's mother called 911 for help. (ECF No. 26, p. 2).

As for the manner in which the compromise amount or other consideration was determined, the petition states notes that the parties settled the case following a settlement conference before the undersigned and that, "Petitioner is informed and believes that Plaintiff has made sufficient recovery from the effects of their injuries and losses so as to justify the resolution of this matter in accordance with the terms of the settlement agreement." (*Id.* at 4). Further, at the hearing, Plaintiff's counsel noted that the settlement amount was reached after considering that Defendant's disputed liability and the extent of Plaintiff's injuries. Additionally, Plaintiff's guardian ad litem and defense counsel stated at the hearing that the settlement agreement was fair and reasonable.

Plaintiff requests that her $30,000 settlement amount be disbursed as following: $8,996.34 be paid to her counsel as attorney's fees, which is approximately 30% of the gross settlement, and additional deductions of $2,994.44 for litigation costs and $270.77 for her Medi-Cal lien. (*See*

ECF No. 26-1, pp. 5-6).[5] The remaining $17,738.45 will be deposited in an insured account at Pacific Service Credit Union. (*See id.* at 8, 29).

Further, as a personal injury claim is involved, the motion addresses the nature of Plaintiff's injuries, stating that Plaintiff suffered "[f]acial trauma to the face, pain and suffering, and emotional distress" (*Id.* at 2). Further, she "has recovered completely" from her injuries "and there are no permanent injuries." (*Id.*). Additionally, Plaintiff has attached medical records to her petition, which document her treatment following the incident. (*See id.* at 16).

As for the disclosure of attorney's interest under Local Rule 202(c), Attorney Miguel A. Avila previously provided a declaration, stating as follows:

> Plaintiff's counsel was hired by Joey Vargas, guardian ad litem and mother of Plaintiff, to represent Plaintiff in this litigation. Plaintiff's counsel did not become involved in this action at the instance of any of the defendants. There is no relationship between the Sanger Law Firm, P.C. or its attorneys and any of the named defendants in this action.

> Plaintiff's counsel has not received any compensation in this matter. Plaintiff's counsel will be compensated from the recovery in this action, if any, and subject to the Court's approval. Plaintiff's counsel will file a motion for approval of attorney compensation at the appropriate time.

(ECF No. 8, pp. 2-3).

Upon review, Plaintiff has provided the information required by the Court's Local Rules.

### B.    Fairness and Reasonableness

The Court now considers whether the $30,000 settlement "is fair and reasonable in light of the facts of the case, [Plaintiff's] claims, and typical recovery by [other] plaintiffs in similar cases." *Robidoux*, 638 F.3d at 1182.

As noted above, Plaintiff's counsel, Plaintiff's guardian ad litem, and defense counsel each stated that they believe the settlement to be fair and reasonable. Relatedly, the undersigned was the settlement judge and notes that the settlement amount was reached after considering disputes as to liability, the extent of Plaintiff's injuries, and other relevant considerations. Further, all parties were represented by counsel at the settlement conference, and the resulting agreement was reached after arms-length negotiations.

---

[5] As noted above, the petition reflects some different amounts due to miscalculations of costs and the newly discovered existence of the Medi-Cal lien.

Moreover, the settlement amount—including the $17,738.45 allocated for Plaintiff—is fair and reasonable in light of analogous cases where a minor suffered relatively minor physical and emotional injuries. *See, e.g., Valenzuela v. San Diego Police Dep't*, No. 3:19-CV-0002-LL-DEB, 2022 WL 2438421, at *3 (S.D. Cal. July 5, 2022)*, report and recommendation adopted*, 2022 WL 2918611 (S.D. Cal. July 25, 2022) ("As detailed above, the minor Plaintiff's claim is based on the emotional distress she suffered in seeing her mother unlawfully arrested and taken away by police. The $5,000 settlement provides a fair and reasonable settlement that sufficiently compensates the minor Plaintiff for the injury alleged."); *Castro v. United States*, No. 19-CV-02240-AJB-JLB, 2022 WL 594545, at *3 (S.D. Cal. Feb. 28, 2022), *report and recommendation adopted*, 2022 WL 959649 (S.D. Cal. Mar. 30, 2022) (noting that "net recoveries of $13,241.67 (for B.R.C.); $13,522.98 (for E.D.C.); and $12,630.46 (for N.R.C.) notably exceed approved recoveries garnered by settling minors in other cases who, like Minor Plaintiffs in this action, suffered similarly minor injuries" and concluding that the settlement was fair and reasonable).

After considering all the circumstances in this case, the Court will recommend that the parties' settlement be deemed fair and reasonable.

### C.    Disbursement of Funds

#### 1.    Plaintiff's share

Plaintiff will receive $17,738.45 from the settlement as her share. As noted above, Local Rule 202(e) requires settlement funds to be disbursed pursuant to state law or "such other order as the Court deems proper for the protection of the minor." California law provides multiple ways to distribute settlement funds, either where there is a guardian of the estate of a minor or not.

In the petition, Plaintiff asks that her share of the settlement "be deposited in insured accounts in one or more financial institutions in [California], subject to withdrawal only on authorization of the court." (ECF No. 26-1, p. 8). An attachment identifies the institution as follows:

Name of Bank: Pacific Service Credit Union
Branch: Clovis Pacific Service CU Branch
Address of bank: 840 Herndon Ave, Suite 101, Clovis, CA 93612

(*Id.* at 29).

7

At the hearing, Plaintiff's counsel stated that there was no guardian of the estate of Plaintiff.

Upon consideration, the Court finds that the proposed distribution of Plaintiff's funds is proper under California law; specifically, Cal. Prob. Code § 3611(b), which provides that "[i]n any case described in Section 3610," *i.e.*, where there is no guardian of the estate of a minor, a court may, among other options, order that funds be deposited "in an insured account in a financial institution in [California] . . . subject to withdrawal only upon the authorization of the court."

### 2.    Attorney's fees and costs

Plaintiff's counsel seeks $8,996.34 in attorney's fees from the $30,000 settlement (*i.e.*, about 30% of it).

When evaluating a reasonable amount of attorney's fees, "[t]ypically, courts in the Eastern District of California consider 25 percent of the recovery as the benchmark for attorney's fees in contingency cases involving minors." *B.R.L. by & through Lara v. Clinica Sierra Vista*, No. 1:21-CV-01445-JLT-CDB, 2024 WL 4502142, at *3 (E.D. Cal. Oct. 16, 2024), *report and recommendation adopted*, 2024 WL 4753989 (E.D. Cal. Nov. 12, 2024). Moreover, a reasonable fee can be determined by referencing the so-called "lodestar method," which is obtained "by multiplying the number of hours reasonably spent by a reasonable hourly rate." *William Leung v. China S. Airlines Co. Ltd.*, No. CV 19-00681 PA (SKX), 2019 WL 13078615, at *2 (C.D. Cal. Dec. 19, 2019) (addressing motion for approval of incompetent person's settlement).

With these standards in mind, counsel seeks approximately 30% of the gross settlement amount. While this amount is higher than the 25% benchmark, the Court ultimately finds it reasonable. First, as discussed above, counsel was able to obtain a fair and reasonable settlement for Plaintiff despite disputed issues as to liability and damages. Thus, counsel performed satisfactorily in this case.

Second, at the hearing, counsel represented that his litigation software documented approximately 73 hours spent on this case and stated that counsel's normal hourly rate is $400— this results in a total of $29,200 when multiplied together. However, counsel seeks only $8,996.34, which when divided by the 73 hours spent on this case, equals an hourly rate of

approximately $123 per hour. The Court concludes that the 73 hours spent on this case is a reasonable amount given its litigation history and $123 is a reasonable hourly rate. *See Beard v. Cnty. of Stanislaus*, No. 1:21-CV-00841-ADA-SAB, 2023 WL 199200, at *13 (E.D. Cal. Jan. 17, 2023) ("In the Fresno Division of the Eastern District of California, across a variety of types of litigation generally, attorneys with experience of twenty or more years of experience are awarded $325.00 to $400.00 per hour, attorneys with ten to twenty years of experience are awarded $250.00 to $350.00 per hour, attorneys with five to ten years of experience are awarded $225.00 to $300.00 per hour, and less than $200.00 per hour for attorneys with less than five years of experience.").

Thus, the Court will recommend that Plaintiff's counsel be awarded the full $8,996.34 sought, along with $2,994.44 in costs and $270.77 to satisfy the Medi-Cal lien, which expenses are reasonable.

## VI.    FINDINGS AND RECOMMENDATIONS

For the reasons given above, IT IS RECOMMENDED as follows:

1. The petition for approval of minor's settlement (ECF Nos. 23, 26) be granted.

2. The gross settlement between Defendants and Plaintiff of $30,000 be approved.

3. The settlement amount be apportioned as follows:

   a. Attorney's fees of $8,996.34 to Plaintiff's counsel;

   b. Litigation costs of $2,994.44 to Plaintiff's counsel;

   c. Medi-Cal lien of $270.77 to be satisfied by Plaintiff's counsel;

   d. The remainder of $17,738.45 to Plaintiff to be deposited in an insured account in Pacific Service Credit Union subject to withdrawal only on authority from this Court or from a state court having oversight of those funds.

4. Defendant be directed to pay the settlement amount to Plaintiff's counsel within 30 days of the final ruling on the motion.

5. Plaintiff's counsel be directed to allocate the settlement amounts as set forth in this order no later than 5 days from receipt of payment. And Plaintiff's counsel be directed to file proof of the deposit of Plaintiff's share of the funds at Pacific Service Credit Union no later than 10 days after receipt of payment.

6. The parties be ordered to submit an appropriate dispositional document within 35 days of the final ruling on the motion.[6]

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 6, 2026**                    /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

---

[6] The parties are reminded of their availability to consent to the undersigned presiding over this case by using the forms previously provided to them; however, they are free with withhold consent without adverse substantive consequences. (*See* ECF No. 2-2). If the parties do consent, the Court will issue a direct order consistent with these findings and recommendations.

10